[S. F. No. 11127. In Bank.—May 10, 1924.]

BALVINA G. MADRUGA, as Executrix, etc., Petitioner, v. SUPERIOR COURT OF THE COUNTY OF SAN LUIS OBISPO, Respondent.

[1] ESTATES OF DECEASED PERSONS—NOTICE TO CREDITORS—SUFFICIENCY OF—PROPER REFUSAL TO ENTER DECREE.—The refusal of a probate court to enter a decree of due publication of notice to creditors of the estate of a deceased person was proper where the notice as published required all persons having claims against the decedent to file them, with the necessary vouchers, in the office of the clerk of the court from which the letters were issued, or to exhibit them, with the necessary vouchers, to the executrix at a place of business specified in the notice which was not in the county in which the proceeding was pending.

[2] ID.—CONSTRUCTION OF PUBLISHED NOTICE.—The designation in such published notice of the place of business at which claims might be presented outside of the county cannot be disregarded as surplusage, and the legal effect of such notice cannot be deemed to be such as to require all creditors of that estate to present their claims at the office of the county clerk.

APPLICATION for Writ of Mandate to compel the Superior Court of San Luis Obispo County to make and enter

a degree establishing notice to creditors of the estate of a deceased person.   T. A. Norton, Judge.   Writ denied.

The facts are stated in the opinion of the court.

Shaeffer & Airola for Petitioner.

. No appearance for Respondent.

THE COURT.—This is a petition for a writ of mandate to compel the respondent Superior Court to make and enter a finding and decree of due publication of notice to creditors in a probate proceeding pending before it. Section 1490 of the Code of Civil Procedure provides for the publication of a notice to creditors "requiring all persons having claims against said decedent to file them, with the necessary vouchers, in the office of the clerk of the court from which the letters were issued, or to exhibit them, with the necessary vouchers, to the executor or administrator, at the place of his residence or business to be specified in the notice; provided, said residence or place of business shall be in the county in which said proceeding is had." Petitioner published for the specified length of time a notice to creditors which required all persons having claims against the decedent to file them, with the necessary vouchers, in the office of the clerk of the court from which the letters were issued, or to exhibit them, with the necessary vouchers, to the executrix at a place of business specified in the notice which was not in the county in which the proceeding was pending.   [1] Upon this showing the respondent court refused to enter a decree of due publication, and we are of the opinion that such refusal was proper.

[2] Petitioner insists that the designation in her notice . of place of business at which claims might be presented outside of the county should be disregarded as surplusage and that the legal effect of her notice should be deemed to be such as to require all creditors of that estate to present their claims at the office of the county clerk.   We are not prepared to agree that a disregard of the plain language of the statute in such a material particular may be thus disregarded or ignored.   Suppose that a creditor should bring suit upon a claim which had been presented only at the place so

designated *outside* of the county and which had been dis-
allowed by the executrix, would he be entitled to recover
thereon, supposing it to be an otherwise valid claim? It
may well be that under such circumstances the executrix
would be estopped to set up the defense that the claim had
not been presented in the manner required by law, but we
are not prepared at this time to say that the heirs and
legatees would be so estopped. Petitioner contends that the
purpose and effect of the code section is to give to the execu-
tor or administrator a right of election to choose either of
the two places specified therein and thus to compel all cred-
itors to present their claims at the place so designated, to
the exclusion of any other place, and in support of this con-
tention she argues that if the section be construed as giving
the right of election to the creditors to present their claims
at either of the two places specified in the code, it would be
impossible for an executor who had no residence or place of
business within the county to comply with its terms. In
*Bollinger* v. *Manning,* 79 Cal. 7 [21 Pac. 375], it was held
that an administrator in his notice to creditors may desig-
nate the office of his attorney as his place of business for the
presentation of claims, although he does not reside there and
although he transacts his own ordinary business at a differ-
ent place within the same county. It would seem to follow
from this that an executor or administrator who had no
residence or place of business within the county could fully
comply with the requirements of the code section by select-
ing some appropriate office or other place of business within
the county and designate the same in his notice to creditors
as his place of business for the presentation of claims. How-
ever, we are not required to determine this question for the
purposes of this case. We are not called upon to assume
that the executrix, petitioner herein, has no residence or
place of business within the county in which this proceeding
is pending. She has not so alleged in her petition and we
are entitled to assume that she has stated the case in support
of her petition as strongly as the facts will justify. So
assuming, we must conclude that she has in fact a residence
or place of business or both within the county in which this
proceeding is pending. This is, in truth, the situation, as
was conceded by her counsel at the hearing hereof. This
being the situation, we are convinced that the respondent

court was justified in refusing to enter a decree of due publication of notice to creditors herein.

The petition is denied and the order to show cause discharged.