WADE G. WALKER *v.* JAMES B. NELSON, EXECUTOR, ETC.

[39 South. Rep., 809.]

ESTATES OF DECEDENTS. *Probated claim. Open account. Code 1892,* § 1932.

Under Code 1892, § 1932, providing for the probation of claims against the estates of decedents, an open account is not properly probated and cannot be recovered upon in a suit against the executor if it:

(*a*) Is not signed by the creditor ; or

(*b*) Does not have the statutory affidavit "attached thereto."

FROM the circuit court of, first district, Panola county.

HON. F. C. HOLMES, Special Judge.

Walker, the appellant, was plaintiff, and Nelson, executor of the last will and testament of R. H. Porter, deceased, was defendant in the court below. The suit was upon an open account for goods, wares, and merchandise sold by plaintiff to the testator in his lifetime. While the account purported to be probated, yet its probation was defective in the particulars mentioned in the opinion of the court.

From a judgment in defendant's favor the plaintiff appealed to the supreme court.

*L. F. Rainwater,* and *W. E. Booth,* for appellant.

The sole question presented by the record in this case is as to the sufficiency of the affidavit to the account sued on. The objection urged against the sufficiency of the affidavit is based upon the case of *Cheairs' Executors* v. *Cheairs' Administrators,* 81 Miss., 662, in which this court held that there must be a substantial compliance with Code 1892, § 1932, to render the probate of an account against the estate of a deceased person valid. The Cheairs case differs very materially from the one at bar.

The affidavit in the case at bar contains everything required by sec. 1932, *supra,* except the signature of appellant to his account, while in the Cheairs case several matters of substance were omitted—viz.: It did not state that the claim was not usurious, nor that neither the affiant nor any other person had received payment, nor that it was owing from the deceased—all of which are in the affidavit for probate in the case at bar.

The court in the Cheairs case, *supra,* say: "Both accounts and written evidences of debt must be accompanied by the substance of the prescribed affidavit. In the case before us (Cheairs case) the claim may be usurious for aught we know. No one can say from its face that it is not, and the affidavit should show that it is not. We do not say whether the other omissions mentioned at the outset are fatal or not."

The court evidently did not intend to hold, and did not hold, that any omissions not of substance would vitiate the probate, nor that the statute is mandatory as to matters not of substance. This court has repeatedly held that the signature of the affiant to an affidavit is not essential; the certificate of the officer that the affiant was sworn, etc., is the evidence of the fact that the affidavit was made, and does not require the signature of the affiant. *Brooks* v. *Snead,* 50 Miss., 416; *Coppock* v. *Smith,* 54 Miss., 640; *Dunlap* v. *Clay,* 65 Miss., 454.

*A. W. Shands,* for appellee.

Code 1892, § 1932, is mandatory. No one can make the affidavit for the probate of a claim except the creditor himself. *McWorter* v. *Donald,* 39 Miss., 779; *Sims* v. *Sims,* 30 Miss., 333; *Gray* v. *Harris,* 43 Miss., 421.

A compliance with sec. 1932 is a jurisdictional prerequisite to a suit on an open account against the estate of a decedent.

It is not a matter that goes to the testing of the validity of the claim, but is jurisdictional. *Cheairs* v. *Cheairs,* 81 Miss., 662.

This account, not being signed anywhere by the creditor him-

self, is improperly admitted to probate; and as the signing of it was a jurisdictional prerequisite to the admission of it to probate by the chancery clerk, his act therein may be attacked collaterally. *Cheairs* v. *Cheairs, supra.*

TRULY, J., delivered the opinion of the court.

Unless we intend to depart from the plain path marked out by previous decisions of this court, commencing with the McWorter case, 39 Miss., 779 (80 Am. Dec., 97), and followed until the present day, and expressly overrule the principle announced in the Cheairs case, 81 Miss., 662 (33 South. Rep., 414), the latest adjudication of this question, we are constrained to affirm the judgment in this case. The itemized account attempted to be probated against the estate of the decedent was not "signed by the creditor," nor was there any affidavit "attached thereto." The proof seeking to establish the correctness of the items of the account was properly rejected, because the claim itself was not probated in the formal manner required by the statute.

*Affirmed.*