MARY E. SAUNDERS v. GEORGE W. STEPHENSON, EXECU-
TOR, ETC.

[47 South. 783.]

ESTATES OF DECEDENTS. *Probate of claims. Code* 1892, § 1932. *Code*
1906, § 2106. *Creditor himself must make the affidavit. Hus-
band and wife.*

Code 1892, § 1932 (Code 1906, § 2106), peremptorily requires that
the creditors shall make the affidavit therein specified in order
to probate a claim against the estate of a decedent; and a hus-
band cannot make the affidavit required to probate his wife's
claim, as her agent or otherwise, without reference to reasons
given why she failed to make it.

FROM the circuit court of Marshall county.

HON. WILLIAM A. ROANE, Judge.

Mrs. Saunders, appellant, was plaintiff in the court below;
Stephenson, executor, appellee, was defendant there.   From a
judgment in defendant's favor plaintiff appealed to the supreme
court.

The suit was upon a promissory note, alleged to have been
executed in his life time by defendant's intestate, payable to
plaintiff.   The affidavit upon which its alleged probate was
based was made by plaintiff's husband and not by plaintiff her-
self.   On the trial of the case in the court below, the introduc-
tion of the note in evidence being objected to by defendant,
plaintiff offered to introduce testimony affirmatively showing
that her husband who made the affidavit was her agent in so
doing, thereunto specially authorized, and that plaintiff was at
the time seriously ill, and had been since the death of the dece-

dent and so remained for a year afterwards, and was wholly disabled to attend to her business affairs, or to leave her home.

The court below held the proffered testimony incompetent and would not allow the note to be read in evidence.

*W. V. Sullivan,* for appellant.

The law was not intended to defeat but to promote the ends of justice. To say that the husband and agent of an invalid wife, personally and perfectly cognizant of all the facts connected with the contraction of a debt and the execution of a note therefor could not probate such a note against the debtor at the request and direction of that invalid wife—is such a monstrocity that it does not require citation of authority from any source whatever. The court should have permitted the note and the testimony showing the surroundings connected with the probate all to have gone to the jury and not swept away upon this cobweb defendant's rights.

If it has come to that point where substantial rights shall be swept away by such flimsy objections as here are urged, it were well to consider and reflect upon whether or not the courts are organized to defeat or administer justice.

*Mayes & Longstreet,* for appellee.

The case must be affirmed on the authority of *McWhorter v. Donald,* 39 Miss. 779.

It is noteworthy that in this case we have not yet found anywhere in ths record a statement made by Mrs. Saunders herself, even by deposition, under her oath or otherwise, that the debt was due and unpaid. Mr. Saunders says he knows it to be so, but the statute requires that she shall so say, and that she shall say it under oath.

FLETCHER, J., delivered the opinion of the court.

The affidavit, upon which the note sued on was probated, was not made by the creditor, but by her husband as her agent.

This brings the question squarely within the holding of this court in *McWhorter v. Donald,* 39 Miss. 779, 80 Am. Dec. 97. It is true that appellant here offers some excuse for not making the affidavit which the statute requires, and also true that this excuse was wanting in the *McWhorter case;* but the decision is that case is based upon the peremptory requirement of the statute, a departure from which is fatal. *Cheairs v. Cheairs,* 81 Miss. 662, 33 South. 414; *Walker v. Nelson,* 87 Miss. 268, 39 South. 809.      *Affirmed.*