## Persons *v.* Griffin.

[73 South. 624, Division B.]

1. Executors and Administrators. *Probating claim. Affidavit. Statute.*

   The affidavit required under Code 1906, section 2106, to probate an account against the estate of a decedent, where there is no written evidence of the debt, must be made by the creditor himself and not by an agent, in such case an affidavit by the agent amounts to no affidavit at all.

2. Executors and Administrators. *Probating claims. Authority of court.*

   Courts have no right to assume the justice or correctness of any claim offered against the estate of a decedent, until the proposed claim has been duly probated in the manner provided by law.

Appeal from the chancery court of George county. Hon. W. M. Denny, Jr., Chancellor.

Proceedings for the allowance of the claim of T. W. Griffin against the estate of M. Nolan deceased. From a decree allowing plaintiff's claim, T. W. Person, temporary administrator, appeals.

The facts are fully stated in the opinion of the court.

*O. F. Moss,* for appellant.

It is well settled that section 1932, Code of 1892, section 2106, Code of 1906, regulating the probate, allowance and registration of claims against the estate of decedents is mandatory, and an affidavit to a claim which fails to conform to the requirements set out in the statute, is fatally defective and gives no jurisdiction to allow the claim. *Cheairs* v. *Cheairs*, 81 Miss. 662, 33 So. 414.

It will be noted from the record, page 3, that J. A. De Monbrun, agent for the claimant, signed and made affidavit to the account in question, while this court in the case of *McWhorter* v. *Donald*, 39 Miss. 779, 80 Am.

Dec. 97, *Walker* v. *Nelson,* 39 So. 809, and *Saunders* v. *Stephenson,* 47 So. 783, has held that it is essential to the validity of the probate of a claim against a decedent, that the creditor himself should make the affidavit required by law, and that an affidavit by an agent of the creditor will not do.

It is true that the claimant in the case at bar tries to make some excuse for not making the affidavit himself, but this court in the Saunders case above cited said:

"The affidavit upon which the note sued on was probated was not made by the creditor, but by her husband as her agent. This brings the question squarely within the holding in this court in *McWhorter* v. *Donald,* 39 Miss. 779, 80 Am. Dec. 97. It is true that appellee here offers some excuse for not making the affidavit which the statute requires, and also true that this excuse was wanting in the McWhorter case; but the decision in that case is based upon the peremptory requirement of the statute, a departure from which is fatal." *Citing Cheairs* v. *Cheairs,* 81 Miss. 662, 33 So. 414; *Walker* v. *Nelson,* 87 Miss. 268, 39 So. 809.

This court in all the cases cited above was construing section 2106 of the Mississippi Code of 1906, which requires that the creditor desiring to probate his claim against the estate of a decedent must sign the claim and make affidavit, etc.

It appears from page 2 of the record that the administrator's notice to creditors to file and probate their claims was first published on the 19th day of December, 1913, and under and by virtue of section 2107, Code of 1906, all claims not registered, probated and allowed according to law within one year from date were forever barred; but the lower court regardless of this section of the Code and long after the claim in question had become barred by the statute of limitation and directly in the face of the decision of this court in the case of *Lehman* v. *George,* 56 So. 167, on

motion of appellee, allowed and permitted the claimant to amend the affidavit to his claim, as shown by pages 10 and 11 of the record. In the Lehman case it is held that a claim against a decedent's estate not having been probated in the manner provided by law, so that its registration did not stop the running of the statute, the probation cannot on the application after the claim is barred by limitations, be amended, and that to hold otherwise would result in the nullification of section 2107 of the Code.

This court in the case of *Cudahy Packing Company* v. *Miller's Estate,* 60 So. 574, held that an affidavit attached to a claim presented to an executor, which fails to allege that the claim "is not usurious," as required by section 2106, Code of 1906, is insufficient, although it may appear, from an inspection of the claim, that it "is not usurious." In the case at bar appellee sets up in his answer to the petition of contest that an inspection of the claim here in question shows that the same "is not usurious" and that the omission of the word "not" was due to a clerical error. If it be fatal to omit the phrase "it is not usurious" in such an affidavit, it is certainly equally as fatal, or more so, to omit the word "not" so as to make the affidavit state that the claim "is usurious" as in the case in question. Appellee may say that he knew better and inadvertently omitted the word "not," but this is no defense. Any claimant who has failed to attach the proper affidavit to such a claim might say that he did so through inadvertence or mistake, but under and by virtue of section 2106 of the Code and the construction of this court placed on that section, this will avail him nothing. If appellee had applied in time to amend his affidavit, it might have been proper for the court to allow such amendment; but it surely is an error on the part of the lower court to allow appellee to amend the affidavit more that six months after the claim had been barred under section 2107 of the Code.

I, therefore, respectfully submit that the decrees entered in this cause for the reasons above set out and in the assignment of errors are wrong, and that the case should be reversed and a decree entered here for appellant disallowing said claim.

*White & Ford,* for appellee.

The remaining assignment of error relates to the fact that the claim was sworn to by the agent of appellee instead of appellee himself. While we have never been called upon to answer two more frivilous technicalities, containing no merit, than those in this case, appellant has made it necessary for us to answer the same, and thereby take up the time of the court.

After this proposition has been raised, the appellee in his answer set up that the agent swearing to the account was the agent of this claimant (appellee), and that appellee had no personal knowledge of the date and amount, etc., embraced in said account against Michael Nolan, deceased, and that the only person who had personal knowledge thereof was said agent who kept the books and was familiar with the transaction between this claimant and the said deceased Michael Nolan.

Before proceeding further, we would like to submit to the court the question of what benefit the appellant would have derived from the agent of defendant going to appellee and telling him that he had a certain account against the estate of Michael Nolan, deceased, and assuring appellee that the account was correct and then having appellee make affidavit of the same, not of his own knowledge, but only upon information derived from his agent who did make affidavit of the same.

Counsel for appellant seek to sustain this proposition upon the cases of *McWhorter* v. *Donald,* 39 Miss. 779; *Walker* v. *Nelson,* 87 Miss. 268; *Saunders* v.

*Stevens,* 47 So. 783.   Also the *Cheairs case, supra.*
The Cheairs case, and the case of *Walker* v. *Nelson,*
do not discuss the agency proposition in any way.   It
is sufficient to say of the McWhorter case, that in that
case there was strong suspicion that the husband was
making the proof of the claim for his own benefit.   We
do not think this direct proposition has ever been put
up to the court in this state.

We really feel a delicacy in making any further ar-
gument of this question to this court.   In these days,
where men of extensive interests transact the greater
portion of their business through agents, we suggest
that in all cases, it would be impossible for the creditor
himself to make affidavit of the correctness of the
claims of his business against estates.   It cannot be
said that a corporation cannot file a claim against an
estate through one of its agents.   This can be done,
of course, without the calling of a director's meeting
to authorize the agent to do so.   Another case, sup-
pose the creditor was sick and unable to attend to
any business whatever.   Would he be required to lose
his claim because he was unable to sign the claim
in his own handwriting, or would one of his employ-
ees, or agents, be allowed to make the necessary claim
for him?   Suppose the creditor dies.   Would his ex-
ecutor or administrator be denied the right to file a
claim against the estate in his own name?   Or sup-
pose a man was beyond the seas and was unable to
return for some reason within the time required to
make the necessary proof of the claim against the
estate in his own name?   Or suppose a man was be-
yond the seas and was unable to return for some
reason within the time required to make the claim.
Could the guardian of an insane person or a minor
make the necessary proof of the claim against the
estate of a deceased person, or would the claimant
be forced to lose the claim by reason of his disability?

We are sure that the court will give no weight whatever to either of the contentions of appellant in this case and respectfully submit that the case should be affirmed.

STEVENS, J., delivered the opinion of the court.

Appellant, as temporary administrator of the estate of M. Nolan, deceased, filed exceptions to the allowance of a claim which appellee attempted to probate against said estate in the sum of seventy dollars and five cents. One of the objections to the claim as probated is based upon the failure of Mr. Griffin, the creditor, to make affidavit to his account as required by statute; the affidavit having been made by one of J. A. De Monbrun as agent. The chancellor, upon hearing the contest, overruled the objections interposed by the administrator, and allowed all the items of the account except an item of fifteen dollars, shown to have been barred by the statute of limitations. From the decree allowing this claim, appellant prosecutes this appeal. We shall discuss only the one ground of objection indicated.

The exceptions to the account as probated should have been sustained. There is no escape from this conclusion, unless we overrule previous decisions of this court. It is absolutely necessary for the creditor himself to make the affidavit provided by section 2106 of the present Code. An affidavit executed by an agent is insufficient and amounts to no affidavit at all. This is the express holding of our court in *Saunders* v. *Stephenson,* 47 So. 783, and prior announcements of our court there referred to by our Judge FLETCHER, especially the case of *McWhorter* v. *Donald,* 39 Miss. 779, 80 Am. Dec. 97. Since the decision in the McWhorter-Donald Case was announced, the statute has been reenacted, with the interpretation placed upon it by our court, and the principle thus announced and applied becomes firmly established as a part of the legislative policy protecting the estate of decedents.

Counsel for appellee refer to the account as a just claim, submitted in good faith by a creditor who had no personal knowledge of the dates and amounts of the items embraced in the account, and refer to the objections as "frivolous technicalities." This argument may sound well, but does not settle the legal difficulties. The court has no right to assume the justice or correctness of any claim offered against the estate of a decedent, until the proposd claim has been duly probated in the manner provided by law. This law was made for the just as well as the unjust, and the courts are without power to inquire into the equity or good faith of any account or claim whose probate is insufficient. The voice of the deceased debtor cannot be heard in explanation of any item attempted to be probated against his estate. The assets attempted to be charged with debts now belong to the innocent and inexperienced wife and children, and so it is that the individual creditor who propounds his claim must fashion his probate according to the pattern drawn by our lawmakers. While the record in the instant case shows that Mr. Griffin proceeded in the utmost good faith, it yet remains that the probate of his claim is legally insufficient. It follows that the decree of the learned chancellor must be reversed, and a decree entered here in favor of appellant sustaining the exceptions filed to the account and disallowing the entire claim.

Reversed and decree here for appellant.

*Reversed.*