## BOUTWELL *v.* FARMERS & TRADERS BANK.

[79 South. 1, Division A.]

1. EXECUTORS AND ADMINISTRATORS. *Claim against estate. Limitations.*
   In order to successfully invoke the benefit of section 2107, Code 1906 (Hemingway's Code, section 1775), which bars a creditor's claim against the estate of a decedent upon failure to probate within one year after publication of notice, it must be shown clearly that the requirements of the statute have been substantially met in all respects.

2. SAME.
   A claim against an estate of a decedent although not presented within a year after publication of notice of presentation of claims, is not barred under this statute, where the administrator's notice to creditors to probate their claims within one year, was not published for three consecutive weeks and no proof of publication was made and filed with the clerk as required by section 2103, Code 1906 (Hemingway's Code, section 1771).

Appeal from the chancery court of Jones county.
Hon. G. C. Tann, Chancellor.

Action by the Farmers & Traders Bank against Allen
Boutwell, administrator of the estate of T. H. Oden,
deceased, to recover on a claim against said estate.
From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Goode Montgomery,* attorney for appellant.

The claims are barred by statute. Section 2103,
Code of 1906 provides: "It shall be the duty of the
executor or administrator to publish in some newspaper
in the county a notice requiring all persons having
claims against the estate to have the same probated
and registered by the clerk of the court granting letters,
within one year, which notice shall state that a failure
to probate and register for one year will bar the claim,
and the time when the letters were granted; and the
notice shall be published for three consecutive weeks,
and proof of publication shall be filed with the clerk."

The following notice was published in the Laurel
Chronicle, a newspaper published in the second district
of Jones county, Mississippi, beginning February 26,
1913, and continuing three weeks: "Administrator's no-
tice to creditors of T. H. Oden. Letters of administra-
tion having been granted on the 22nd day of February,
1913, by the chancery court of the second district of Jones
county, Mississippi, to the undersigned upon the estate
of T. H. Oden, deceased, notice is hereby given to all
persons having claims against said estate to present the
same to the clerk of said court for probate and regis-
tration according to law within one year from the date,
or they will be forever barred.

"This 25th day of Febuary, 1913,
                    "J. R. McPherson, Administrator."

The proof of publication filed and the testimony both
show the above publication to have been made as the

law directs, and no witness even hints at a dispute of these facts. Section 2107, Code of 1906, provides: "All claims against the estate of a deceased person, whether due or not, shall be registered, probated, and allowed in the court in which the letters testamentary or of administration were granted, within one year after the first publication of notice to creditors to present their claims; otherwise the same shall be barred, and a suit shall not be maintained thereon in any court, even though the existence of the claim may have been known to the executor or administrator."

*Shannon & Shauber,* attorneys for appellees.

The first assignment for error discussed by counsel for appellant in his brief is that claims sixty-three and sixty-five which were allowed by the court, are barred by the one year statute of limitations, this being section 2107, of the Mississippi Code of 1906, being brought forward as section 1775 in Hemingway's Code of 1917.

The period of limitations prescribed by the above section 2107 is put into operation in manner provided for by section 2103 of the Mississippi Code of 1906, and no other, which section is brought forward as section 1771, in Hemingway's Code of 1917, and is in the following words:

"It shall be the duty of the executor or administrator to publish in some newspaper in the county a notice requiring all persons having claims against the estate to have the same probated and registered by the clerk of the court granting letters, within one year, which notice shall state that a failure to probate and register for one year will bar the claim, and the time when the letters were granted; and the notice shall be published for three consecutive weeks, and proof of the publication shall be filed with the clerk. If a paper be not published in the county, notice by posting at the court

house door and three other places of public resort in the county shall suffice, and affidavit of such posting filed shall be evidence thereof in any controversy in which the fact of such posting shall be brought into question.

We contended in the court below, and after hearing all the evidence, the lower court sustained our contention, that the notice to creditors did not come up to the requirements of said section 2103 in that it was not published for three weeks nor was a proof of the publication filed with the clerk.

The record shows that the general docket kept in the office of the clerk of the chancery court does not show that a proof of the publication was ever filed in said cause (see page 47 of the Record). The testimony of W. T. Simmons, the attorney who represented the administrator and who took out the letters of administration, states that he does not remember having ever seen the proof of publication, nor is there any testimony in the record that such a proof of publication was ever made or seen by any one. There is positive testimony that no such proof of publication was ever filed with the clerk in compliance with said statute.

We call the court's attention to the case of *Marshall v. John Deere Plow Co.*, decided by this court in March, 1911, and reported in the 99th Mississippi Reports on page 284, in which the same statutes were up before this court for construction.

Mr. Chief Justice SMITH, in delivering the opinion, in part, says: "In order that the estates of decedents may be speedily settled, creditors thereof who fail to comply with the terms of section 2107 of the Code are barred from collecting claim against such an estate in a much shorter time than is prescribed for the collection of debts generally. Section 2103 of the Code provides the method of putting the period of limitations prescribed by section 2107 into operation, and it can be put into operation in no other."

We submit in this case appellant did not comply with the statute requiring notice to be given three weeks and proof of publication filed with the clerk. In reply to suggestion of counsel that the notice in this case was sufficient, the court said: The statute is not so written, and we cannot so construe it."

We also call the court's attention to the case of *Stevens* v. *Dunlap Mercantile Co.*, decided by this court in October, 1914, and reported in the 108th Mississippi Reports on page 690.

Mr. Justice REED, in delivering the opinion, in part, says: "It is further contended that the administrator's notice to creditors was not published for a sufficient length of time. The statute requires the notice to be published for three consecutive weeks. The proof of publication shows that the notice was published in three weekly issues of a county paper on the dates June 3, June 10, and June 17, 1910. This is sufficient publication of the notice."

In the case just cited, a proof of publication was on June 3, June 10, and June 17, and the court therefore held that the publication was sufficient. However, in the case now before the court, the only testimony we have showing the dates of publication is that of Witness W. T. Simmons, showing that the notice appeared on Thursday, Febuary 27, March 3, and March 8. We submit that these facts do not comply with the statute, and for that reason the finding of fact by the chancellor, that such publication had not been made, should not be disputed by this court.

Before concluding our discussion of this assigment of error we wish to take issue with counsel for appellee in the following statement made on page 3 of his brief: "The proof of publication filed and the testimony both show the above publication to have been made as the law directs, and no witness even hints at a dispute of these facts."

When we consider that counsel took part in the trial of the case, in the court below and is familiar with the issues involved in this case, we are somewhat surprised at his making this statment. If there is any one point in dispute in this case it is whether or not the notice given the administrator to creditors of the estate is sufficient in law. We contend now, and have always contended, that there has never been made a publication, and a proof of the same filed with the clerk as required by statute. The court below held that no sufficient publication had been made and the pretended proof of publication sworn to by one W. T. Simmons, surely does not comply with the statute and for the reason herein before stated, did not set the one year statute of limitations in force, and therefore the claims of appellee are not barred.

HOLDEN, J., delivered the opinion of the court.

The only question presented by this appeal that deserves notice is whether or not the claims allowed appellee against the estate of T. H. Oden, deceased, by the lower court, were barred on account of not having been probated, registered, and allowed within the year after the first publication of notice to creditors to present their claims; which question involves the application of section 2103, Code of 1906 (section 1771, Hemingway's Code), and section 2107, Code of 1906 (section 1775, Hemingway's Code), and are set out:

"2103. Notice to Creditors.—It shall be the duty of the executor or administrator to publish in some newspaper in the county a notice requiring all persons having claims against the estate to have the same probated and registered by the clerk of the court granting letters, within one year, which notice shall state that a failure to probate and register for one year will bar the claim, and the time when the letters were granted; and the notice shall be published for three consecutive

weeks, and proof of the publication shall be filed with the clerk. If a paper be not published in the county, notice by posting at the court house door, and three other places of public resort in the country shall suffice, and affidavit of such posting filed shall be evidence thereof in any controversy in which the fact of such posting shall be brought into question."

"2107. Claims Registered Within One Year or Barred.—All claims against the estate of a deceased person, whether due or not, shall be registered, probated, and allowed, in the court in which the letters testamentary or of administration were granted, within one year after the first publication of notice to creditors to present their claims; otherwise the same shall be barred, and a suit shall not be maintained thereon in any court, even though the existence of the claim may have been known to the executor or administrator."

The proof in the case before us shows, and the chancellor so held under the facts, that the notice by the administrator to creditors to probate their claims within the year was not published for three consecutive weeks, but for a less period of time; and it also appears that proof of publication was not made and filed with the clerk as required by the statute.

In order to successfully invoke the benefit of the statute which bars the creditor's claim upon failure to probate within one year after publication of notice, it must be shown clearly that the requirements of the statute have been substantially met in all respects. There was a failure to comply with the statute in this case. Especially is this true, in that, no proof of publication was filed with the clerk as required therein; therefore the claims allowed by the decree of the chancellor were not barred by limitation, and the decree is affirmed.

*Affirmed.*