## JENNINGS *et al. v.* LOWERY & BERRY.*

(In Banc.   April 25, 1927.   Suggestion of Error Overruled May 30,
1927.)

[112 So. 692.   No. 26203.]

1. EXECUTORS AND ADMINISTRATORS. *Law providing manner for filing claims against estates of decedents should be strictly construed against creditors (Hemingway's Code, section 1774).*

   Code 1906, section 2106 (Hemingway's Code, section 1774), providing manner in which claims of creditors shall be registered. probated, and allowed against the estates of decedents, should be strictly construed against creditors.

2. LIMITATION OF ACTIONS. *Courts, in construing statutes of limitation, may consider reasonableness of result and practical effect of different interpretations.*

   In construing statutes of limitations, the courts may consider the reasonableness of result of a particular interpretation and the practical effect of the adoption of a different interpretation.

3. EXECUTORS AND ADMINISTRATORS. *Filing proof of publication of notice to estate creditors is necessary to set six-month statute of limitations in motion (Hemingway's Code, section 1771, as amended by Laws 1920, chapter 302, section 1775, as amended by Laws 1920, chapter 303).*

   Filing of proof of publication of notice, requiring persons having claims against estate of deceased to probate and register claims within six months, in accordance with Code 1906, section 2103 (Hemingway's Code, section 1771), as amended by Laws 1920, chapter 302, is necessary in order to set in motion limitations under Code 1906, section 2107 (Hemingway's Code, section 1775), as amended by Laws 1920, chapter 303, since requirement for filing such proof of publication is mandatory.

4. EXECUTORS AND ADMINISTRATORS. *Limitation against claims of estate creditors is not set in motion, unless proof of publication of notice to creditors is made within six months from first publication (Hemingway's Code, section 1775, as amended by Laws 1920, chapter 303, section 1771, as amended by Laws 1920, chapter 302).*

   147 Miss.—43.

Limitation of six months under Code 1906, section 2107 (Hemingway's Code, section 1775), as amended by Laws 1920, chapter 303, is not set in motion against claims of creditors of estate, unless proof of publication of notice in accordance with Code 1906. section 2103 (Hemingway's Code, section 1771), as amended by Laws 1920, chapter 302, is filed within six months after first publication of notice.

ETHRIDGE, J., and SMITH, C. J., dissenting.

*Corpus Juris-Cyc. References: Executors and Administrators, 24CJ, p. 338, n. 11; p. 347, n. 58; Limitation of Actions, 37CJ, p. 690, n. 89.

APPEAL from chancery court of Tallahatchie county. HON. HARVEY McGEHEE, Chancellor.

Suit by Lowery & Berry against Mrs. Dollie W. Jennings and others, executors and trustees under the will of H. J. Jennings, deceased. From the decree, defendants appeal, and complainants cross-appeal. Affirmed on both direct and cross-appeals.

*Fred H. Montgomery,* for appellants.

Section 1775, Hemingway's Code, as amended by chapter 303, Laws of 1920, creates a short statute of limitations, and has been so uniformly construed by the court. *Stevens* v. *Dunlap Mill Co.,* 112 Miss. 524; *Lehman* v. *George,* 99 Miss. 798; *Cheairs* v. *Cheairs,* 81 Miss. 662.

It was not contended by the complainants in the court below that the attempt upon the part of complainants to probate the claim on October 24, 1923, was valid, and that after the expiration of six months from the date of the first publication of notice to creditors was enforceable. I apprehend there will be no departure from the *status* assumed in the lower court, in presenting the case on appeal. At any rate, any other contention would be manifestly untenable. Therefore, after February 15, 1924, the claim not having been probated in the manner prescribed by statute it ceased to be a claim against the estate.

Whatever the personal representatives of the deceased may have thought of the merits of the claim otherwise, they were prohibited by statute from making payment thereof, and the court was without power to order the payment of the claim. If the personal representatives had assumed authority to pay the claim, the court on final accounting would have been required to charge the amount so paid to them. Section 1773, Hemingway's Code; *Lehman* v. *Powe,* 95 Miss. 446; *Stevens* v. *Dunlap Mill Co.,* 112 Miss. 534.

If suit had been filed against the personal representative on this claim, at any time after February 15, 1924, six months after date of first publication of notice to creditors, the failure to cause the claim to be properly probated, registered, and allowed, would have been a complete bar to the claim. The personal representatives would have had no discretion in respect to interposing the plea of the statute of limitations. They are bound under the statute so to do, and a failure to interpose the plea would be at their own peril, and not at the peril of the estate.

*Lowrey & Lamb* and *R. L. Cannon,* for appellees.

The proof in this case wholly fails to show that the notice to creditors was ever published, for three consecutive weeks as required by the statute, and if not, there was no bar to the right to amend the claim independent of the Act of 1926. *Stevens* v. *Dunlap,* 108 Miss. 690, 73 So. 570. The publication of notice according to law was not established and the court was unwarranted in the finding that it was so published. *Boutwell* v. *Bank,* 118 Miss. 50, 79 So. 1.

Even if the court was warranted in the finding that the notice was published according to law, there is no pretense that any proof of publication was made until after proper probate of the claim was made on February 17th

and no proper proof of publication was made or filed until this motion to amend was being heard and tried by the court.

The bar of the probate does not attach until this notice is published for three consecutive weeks and proof filed with the clerk. Code 1906, section 2103, Hemingway 1771.; *Marshall* v. *John Deere Plow Co.,* 99 Miss. 284, 54 So. 948; *Oliver* v. *Baird,* 90 Miss. 718.

Even if the proof of publication can be filed while the motion to amend is being heard and before it is decided by the court so as to put the bar of the statute into effect and warrant the court in refusing to allow the amendment, it is shown by the record in this case that on February 26th, Lowrey & Berry had made proper proof of their claim and had it allowed and registered properly by the clerk and at that time no pretense had been made of filing any proof of publication of notice to creditors although it had been about two years and a half since the publication of notice.

Even if the proof of publication was made according to law and if the filing of the proof can be done after the second probate and after the motion to amend so as to retroact and bar the claim which was not barred when the second probate was made and when the motion to amend was made, still the court was entirely warranted under the circumstances developed by the proof in this case in allowing the amendment independent of the Act of 1926.

Our view is that if this proof is filed within six months after the first publication this bars the right to probate claims, but if it is not filed within the six months then the right is not barred until it is filed.

Compare Code 1906, section 818 (H. 606) providing for the enrollment of judgments of the circuit court and requiring the clerk to enroll all judgments of that court within twenty days of the adjournment of the terms. Section 819 (H. 607) provides that the judgment so en-

rolled shall bind the property of the defendants and be a lien upon it from the rendition of the judgment.

In *Johnson* v. *Cole,* 110 So. 428, this court has held that if the judgment is not enrolled within the twenty days the lien does not date back to the rendition of the judgment but attaches only from the date of the enrollment.

While the statute on probates does not specifically say that the proof of publication shall be made immediately or within six months in order that the right to probate may bar, within six months from the first publication, this is clearly the intent and purpose of the statute, and our court has expressly so held in the cases above cited to the effect that section 2103 must be complied with in all respects in order to put the limitation into effect, and that the statute limiting the time for probate cannot be put into effect in any other way.

*Wilson, Armstrong & Zates, amicus curiae,* for appellee.

Is the filing of the proof of publication a necessary step to bar a debt within six months or is it a mere precaution to preserve the evidence of a notice? The plan carried out is to be taken by steps and it has always seemed that each step must comply substantially with every provision of the statute before it has the effect of requiring the next step to be taken on the penalty of forfeiting a just debt. The statute requires four things to be done with this notice. It must be published in the newspaper for three consecutive weeks and then the proof of the publication must be filed with the clerk.

The statute requires proof of publication to be filed with the clerk just as much as it requires the second and third publication. It has quite as much to do with it as do the second and third publications because, as it will be later shown, the bar of the statute begins to run from

the first publication and not from the second or third or from the filing of the proof. So that it seems the first publication sets the statute in motion, to be ended in six months from the first publication; but, with the proviso that this first publication which would start the statute is only effective in the event that it is followed by a second and a third weekly publication and also by the filing of the proof with the clerk.

This is a highly artificial, technical and rigid statute in its requirements and in its effect and, therefore, in order to successively invoke it, the party who invokes it must, himself, have literally, rigidly and technically complied with the same statute in doing all the things outlined and provided in the same scheme. It is but an example of the old rule that ''He who lives by the sword must die by the sword,'' and he who invokes technical and artificial rules must bring himself clearly within the same character of rules in the statute that he invokes.

This court has not been slow to adopt that view of the statute. *Marshall* v. *John Deere Plow Co.,* 99 Miss. 284; *Webb & Co.* v. *Fogg et al.,* 132 Miss. 605. A creditor who knows his debtor is dead will find it almost impossible and terrifically onerous and troublesome, if possible at all, to learn whether such publication was made and when it was made without the filing of such proof. When the creditor goes to investigate, he will find, in all except the larger and more settled counties of the state, that not only are all the papers not in the clerk's office, but that the newspapers will have changed hands and their own files become lost so that he will be unable to find complete files of the newspapers. Should he be lucky enough to find complete files of all the newspapers published in the county of the administration of the estate, he will then have to look through them all in order to know which newspaper the administrator had selected for his publication of notice. If he, by some good luck, is confined to one newspaper, he will then be at an utter loss to deter-

mine at what time during the administration the administrator published his notice (the time being no longer limited by law) and so he will have to look in every newspaper published in the county, in every issue from the death of the debtor to the time of search, in order to learn that the publication has or has not been made and that the bar has or has not attached and within what time he may or may not probate and register his claim.

The filing of the proof of publication promptly after it was made and within the six months' period of limitations would greatly facilitate the opportunity of creditors to learn when the time expires for the probation of their claims. If it does facilitate it, and we hardly think that can be debated, then the requirement in the statute that the proof of publication should be filed with the clerk serves a conceivably useful purpose and should not be ignored.

In *Boutwell* v. *Farmers & Traders Bank,* 118 Miss. 50, the question before the court was whether or not allowed claims against the estate of T. H. Oden, deceased, were barred because they were not probated and registered within one year after the first publication of notice. The court held with the creditor that the publication was not made for the full three weeks and that the effect of failing to file the proof was to remove the bar of the statute of limitations; or rather to prevent it being set in motion.

On any fair reading, it seems that this court has aligned itself on the side which holds that the filing of the proof of publication is not merely a method of proof but a substantial right of the creditor.

*Fred H. Montgomery,* in reply, for appellants.

The proof of publication of notice to creditors was properly filed in the case. It is contended by the complainants that the lower court was in error in permitting

the filing of the proof of notice to creditors. The contention of the complainants is that proof of publication of notice to creditors must have been filed within the six months allowed creditors to probate their claims, otherwise the creditors would have the right to probate their claims at any time thereafter, and until the proof of publication of notice to creditors has been filed. This contention I dispute. Section 1771, Hemingway's Code, provides that notice to creditors shall be published for three consecutive weeks "and proof of publication shall be filed with the clerk." The complainants undertake to read into the statute the further provision that the proof of publication must be filed within six months. My contention is that the statute does not say so, and that it does not specify when the proof of publication shall be filed. There is no more reason for saying that it shall be filed within six months than it would for saying that it shall be filed within one month, twelve months, or twenty-four months. This contention is manifestly borne on the necessities of this case.

It is further contended that the creditors have the right to probate their claims at any time before filing by the executor, or administrator, of the proof of publication of the notice to creditors. This contention is contrary to the plain language of the statute. Section 1775, Hemingway's Code, as amended by chapter 303, Laws of 1920.

Language could not be plainer as to when the claims of creditors must be probated. But the statute fixes no time within which the proof of publication of notice to creditors shall be filed. The creditors are entitled to a notice and are bound by the notice. The publication of the notice has been deemed sufficient, so far as creditors are concerned, and they are not concerned with the filing of the publication. The case of *Boutwell* v. *Farmers Bank,* 118 Miss. 50, is cited by counsel as authority, to support their contention. In that case it did not appear that the proof of publication had ever been filed.

In *Habighorst & Co.* v. *Keinath, Admr.,* 73 Pac. 1018 (1020), the supreme court of Oregon held that a statute requiring the proof of publication of notice to creditors to be filed within a specified time was directory and not jurisdictional.

In *Hawkins* v. *Superior Court,* 134 Pac. 327, which is also in point, the supreme court of California held that in the absence of a statute requiring that the proof of publication of notice to creditors should be filed within any specified time the proof might be filed at any time before the estate was closed. *Wilkinson* v. *Conaty,* 32 N. W. 841 (846), is also contrary to the contention of the complainants and is directly in point.

The court properly permitted the proof of publication to be filed on the hearing below.

Argued orally by *F. H. Montgomery,* for appellants, and *P. H. Lowrey,* for appellee.

ANDERSON, J., delivered the opinion of the court.

The appellees, Lowery & Berry, brought their bill in the chancery court of the second district of Tallahatchie county against Mrs. Dollie W. Jennings, Smith Murphy, and Dr. J. D. Biles, executors and trustees under the will of H. J. Jennings, deceased, to recover from the estate of the said decedent the sum of twelve thousand dollars, with interest; the claim sued on consisting of four promissory notes for three thousand dollars each, executed by the testator, H. J. Jennings, in favor of the appellees. The appellants were granted an appeal from an interlocutory decree to settle the principles of the cause, and the appellees prosecuted a cross-appeal from such interlocutory decree.

The appellants, as executors of the will of H. J. Jennings, under section 2103, Code of 1906 (Hemingway's Code, section 1771, as amended by chapter 302, Laws of

1920), made publication to the creditors of the estate to register, probate, and have allowed their claims against the estate. But proof of publication of such notice was not filed with the clerk until after the expiration of the period of six months from the first publication of the notice. Unless the statute required the proof of publication of notice to be filed within that period, the statute was in all respects complied with. Appellees, attempting to comply with section 2106, Code of 1906 (Hemingway's Code, section 1774), had the notes, which were the basis of this action, registered, probated, and allowed within six months after the first publication of notice to creditors; but, for reasons unnecessary to state, they failed to comply with the statute in a vital requisite, the result of which, under the decisions of this court, was that the registration, probation, and allowance of the claim were void. But, after the expiration of the six-month period, appellees had their claim legally registered, probated, and allowed under the statute, provided that under the statute they had a right so to do at that late a day.

The questions for determination are: (1) Whether the filing of the proof of publication of the notice to creditors with the clerk was a condition that had to be complied with to set in motion the six-month statute of limitations; and, if that question be answered in the affirmative, (2) whether it was also a condition that had to be complied with in order to set the statute in motion, that such proof of publication of notice be filed with the clerk within six months after the first publication of the notice. We shall consider these questions in the order stated.

Section 2103, Code of 1906 (Hemingways Code, section 1771, as amended by chapter 302, Laws of 1920), follows:

"*Notice to Creditors.*—It shall be the duty of the executor or administrator to publish in some newspaper in the county a notice requiring all persons having claims against the estate to have the same probated and regis-

tered by the clerk of the court granting letters, within six months, which notice shall state that a failure to probate and register for six months will bar the claim, and the time when the letters were granted; and the notice shall be published for three consecutive weeks and proof of publication shall be filed with the clerk. If a paper be not published in the county, notice by posting at the court house door, and three other places of public resort in the county shall suffice, and affidavit of such posting filed shall be evidence thereof in any controversy in which the fact of such posting shall be brought into question.''

Section 2107, Code of 1906 (Hemingway's Code, section 1775, as amended by chapter 303, Laws of 1920), is in this language:

''*Claims Registered Within Six Months or Barred.*— All claims against the estate of a deceased person, whether due or not, shall be registered, probated and allowed, in the court in which the letters testamentary or of administration were granted, within six months after the first publication of notice to creditors to present their claims; otherwise the same shall be barred, and a suit shall not be maintained thereon in any court, even though the existence of the claim may have been known to the executor or administrator.''

This court has held in numerous cases that section 2106, Code of 1906 (section 1774, Hemingway's Code), providing the manner in which the claims of creditors shall be registered, probated, and allowed against the estates of decedents, must be strictly pursued by creditors; in other words, that the statute should be strictly construed against creditors. *Cheairs* v. *Cheairs,* 81 Miss. 662, 33 So. 414; *Walker* v. *Nelson,* 87 Miss. 268, 39 So. 809.; *Saunders* v. *Stephenson,* 94 Miss. 676, 47 So. 783; *Lehman* v. *Powe,* 95 Miss. 446, 49 So. 622; *Lehman* v. *George,* 99 Miss 798, 56 So. 167; *Cudahy & Co.* v. *Miller,* 103 Miss. 435, 60 So. 574; *McMahan* v. *Foy,* 104 Miss. 309, 61 So.

421; *Stevens* v. *Dunlap,* 108 Miss. 690, 67 So. 160; *Persons* v. *Griffin,* 112 Miss. 643, 73 So. 624; and *Levy* v. *Bank,* 124 Miss. 325, 86 So. 807. In view of that construction of the statute prescribing the manner in which claims of creditors against the estates of decedents shall be registered, probated, and allowed, it seems only fair to creditors of such estates that the statute prescribing the manner of the publication of notice to creditors to have their claims registered, probated, and allowed should receive a liberal construction in favor of creditors and a strict construction against the estates of decedents. In construing statutes of limitations, the courts may consider the reasonableness of the result of a particular interpretation and the practical effect of the adoption of a different interpretation. 17 R. C. L., p. 685, section 31. It will be observed that the statute providing for publication of notice to creditors states:

"The notice shall be published for three consecutive weeks, and *proof of publication shall be filed with the clerk.*" (Italics ours.)

According to the language of the statute, the requirement that the proof of publication shall be filed with the clerk is as mandatory in its terms as any other requirement of the statute. We think that it is only where the statute is complied with that the six-month limitation begins to run from the first publication of notice to creditors. Take, for illustration, a case where only one publication of notice is made, the second and third being omitted ; certainly the statute would never begin to run; and likewise if the first and second publications were made, and the third omitted. We think the same is true if the last requisite of the statute be not complied with; namely, the filing of the proof of publication of notice with the clerk. Concede, for argument's sake, that the filing of the proof with the clerk was intended only as evidence of the proper publication of notice, still it was made a part of the scheme laid down by the statute for the giving

of notice to creditors, and we see no reason for holding that three publications of the notice are essential and the filing of the proof of the publication not essential. The one requirement of the statute is as prominently and emphatically set forth as the other, and both are essential. *Boutwell* v. *Bank,* 118 Miss. 50, 79 So. 1, so decides. In that case the proof showed, and the chancellor held as a fact, that the notice to creditors of the estate to probate their claims was not published for three weeks, and also that the proof of publication of the notice was not made and filed with the clerk. The court put its decision on two grounds, as it had the right to do, either one of which would have been sufficient to sustain the holding of the court. The court said:

"In order to successfully invoke the benefit of the statute which bars the creditor's claim upon failure to probate within one year after publication of notice, it must be shown clearly that the requirements of the statute have been substantially met in all respects. There was a failure to comply with the statute in this case. Especially is this true, in that, no proof of publication was filed with the clerk as required therein; therefore the claims allowed by the decree of the chancellor were not barred by limitation, and the decree is affirmed."

There is more difficulty in determining the second proposition, because the statute is silent as to when the proof of publication of notice shall be filed with the clerk; but the statute plainly provides that it shall be filed with the clerk, and we have held above, following the Boutwell case, that the filing of the proof is a necessary condition to the setting in motion of the six-month statute. It seems that, if the executor or administrator could delay the filing of the proof until the closing of the administration, the door would be open to a good deal of confusion and injustice in the administration of the estates of decedents. There would be an incentive on the part of executors and administrators to favor creditors who had

unduly delayed the registration, probation, and allowance of their claims. They would have the power to withhold the filing of the proof with the clerk in order to aid favored creditors. It is argued on behalf of the appellants that by analogy this question is settled in their favor by *Buchanan* v. *Compress Co.*, 122 Miss. 518, 84 So. 691. That case involved the construction of the particular clause of section 797a, Code of 1906 (Hemingway's Code, section 582), requiring notice to stenographers taking the testimony in cases to transcribe their notes of the evidence for the purpose of appeal. The court held that the statute did not require the notice to the stenographer to be filed with the clerk of the trial court within thirty days after the adjournment of court; consequently, it could be filed with the clerk at any time thereafter; and that, since the notice could be filed with the clerk after the expiration of the thirty days, it followed that the statement setting forth the manner of the service of the notice could be filed after the expiration of the thirty-day period. We are unable to see much force in appellants' contention. The two statutes are on entirely different subjects, having in view the accomplishment of entirely different objects.

Keeping in view the object sought to be accomplished by the statutes here involved, namely, the orderly and just administration of the estates of decedents, and having regard for the rights of the creditors of such estates, as well as the rights of such estates, in the absence of any provision in the statute as to when the proof of publication of notice to creditors shall be filed with the clerk, we hold that it should be filed not later than six months after its first publication; and, if it is not filed within that period, the six-month statute of limitation against the claims of the creditors is never set in motion.

These views render it unnecessary to pass on any others presented and argued.

*Affirmed on both direct and cross-appeal, and remanded.*

ETHRIDGE, J.

I am unable to agree with the majority opinion that the filing of the proof of publication as provided in section 2103, Code of 1906 (section 1771, Hemingway's Code, as amended by chapter 302, Laws of 1920), is necessary to set the six-month statute of limitation to running; and, in the second place, I am unable to agree that the notice therein provided for must be filed with the clerk within the six-month period in which creditors may probate claims.

It seems to me that a careful consideration of the sections quoted in the majority opinion lead to a contrary conclusion from that arrived at by the majority. I think the proof of publication provided for in the said section was in no sense intended to give notice to creditors, but was designed solely to be the evidence of the fact that publication was so made when the court was called upon to deal with the matter in a judicial way. I think this conclusion is clear from the provisions in section 2107, Code of 1906 (section 1775, Hemingway's Code, as amended by chapter 303 of the Laws of 1920), wherein it is provided that:

"All claims against the estate of a deceased person, whether due or not, shall be registered, probated and allowed, in the court in which the letters testamentary or of administration were granted, within six months after the first publication of notice to creditors to present their claims."

If the position of the majority be sound, the statute of limitations would begin to run, not from the first publication of notice to creditors, but from the filing of the proof of the completed publication. The statute was designed to give notice to creditors through publication. They are to get their information from the fact of pub-

lication. Creditors, knowing of the statute, may fully protect their interests by subscribing for the paper of the county which has been adopted as the official organ of the county for legal publication, or by taking such newspapers of the county as they are advised may give the information. The general rule is that, when the statute is set in motion, it continues to run, and nothing but a positive statute will stop its running. Under the plain letter of the statute last referred to, it begins to run from the first publication of the notice, and continues to run, from that date, for six months. It is true that it must be published three times, or for a period of three weeks, and, if it should take four insertions to give the three weeks' notice, that is required; but the six-month period begins from the first publication.

The statutes also provide that proof of publication shall be filed with the clerk, but it is utterly silent as to when such proof shall be filed. It therefore becomes highly important to know what the purpose of the proof of publication is. Clearly it is not to give notice to the creditor, because he is supposed to have notice from the newspapers. It was manifestly for the purpose of having evidence in the files of the fact of publication. It is analogous to a return on process of any kind, and is, in principle, not different from the notice given to the stenographer and copy filed with the clerk under section 582, Hemingway's Code (section 797a, Code of 1906), and that statute requires the appellant to "notify the stenographer in writing within thirty days of the adjournment of court of the fact that a copy of the notes is desired;" and provides that "this notice must be handed to the stenographer personally, or mailed to him at his usual place of abode;" and that "in either case the attorney making the request shall file with the clerk of the court a copy of the notice with a statement as to how the notice was served."

In *N. O. & N. E. R. Co.* v. *Catts,* 109 Miss. 340, 68 So. 843, this court held that the notice must be served on the stenographer by twelve o'clock at night of the thirtieth day, but the copy of the notice and the statement as to how the notice was served need not be filed with the clerk until afterwards. In the opinion Judge Stevens, speaking for the court, said:

"The record in this case shows that appellant did 'notify the stenographer in writing within thirty days of the adjournment of court of the fact that a copy of the notes' was desired, but a copy of this notice was not filed with the clerk until long after the expiration of the thirty days. The statute does not, in express terms, limit the time in which 'a copy of the notice with a statement as to how the notice was served' shall be filed with the clerk, and the filing beyond thirty days of the adjournment of court is sufficient. The statute gives the appellant, in any case, until midnight of the thirtieth day to serve the notice on the stenographer, and in filing a copy he is also required to file 'a statement of how the notice was served.' This statement must, of necessity, be prepared after the notice has in fact been served; and if the appellant elects to wait or is prevented from serving the notice until the close of the last day allowed, then the statement could not be filed within the thirty days. This entire statute in reference to stenographer's notes should be liberally construed in aid of litigants prosecuting in good faith appeals to this court," etc.

This ruling has been adhered to in subsequent cases.

In *Boutwell* v. *Farmers' & Traders' Bank,* 118 Miss. 50, 79 So. 1, the proof of publication had not been filed at all. The court below had found that the notice in the case had not been published for three weeks, and the decision of the court below was based upon this fact. This case does not militate at all against my view. It merely holds that the filing with the clerk of the proof of publication is the proof of that fact. In the present case the

proof was duly filed before the court acted upon the controversy between the parties, although it was filed more than six months after the first publication was made. It is stated in the majority opinion that to hold that proof of publication might be filed after the expiration of six months would be an incentive on the part of executors and administrators to favor creditors who had unduly delayed the registration, probation, and allowance of their claims; that they would have the power to withhold the filing of the proof with the clerk in order to aid favored creditors. I fail to see how or why this would be so. Under the view of the majority, the proof of publication might be filed with the clerk on the last day of the six-month period, and manifestly it would be no aid whatever to creditors, who, under their view, would be barred the following day.

I think the courts of the state heretofore have construed the statute, or rather acted upon the theory, that proof of publication might be filed at any time before judgment, and many estates have been wound up under this construction of the statute, and the majority opinion will unsettle these settled estates. The view that the proof of publication is for the information of the court as evidence of the fact of proof having been made in the form prescribed by law is supported both by reason and authority. The proof of publication must be made under section 1640, Hemingway's Code (section 1980, Code of 1906), and must be made ''by the production of a copy of the notice, with the affidavit of the printer, publisher, clerk, or superintendent of the newspaper, specifying the respective numbers and dates of the newspaper in which publication was made; and such affidavit shall be evidence.'' As expressly provided in this section, the affidavit may be made by such person before ''any officer authorized to take an affidavit who may reside in the vicinity of or convenient to the printer, publisher, clerk, or superintendent of the newspaper in which publication

may have been made;'' and, on application of a party interested, the printer may be required to file this proof.

While statutes of other states of the kind here involved are not ordinarily particularly helpful in reaching conclusions, I think the authorities in other states support my view. In *Habighorst* v. *Conant*, 43 Or. 530, 73 P. 1018, the supreme court of Oregon had under consideration a similar question. Toward the close of the opinion (43 Or. 535), at page 1020 of the Pacific Report, the court said:

"It does not appear that proof of the publication of the notice to creditors was filed within the time provided in section 1159, B. & C. Comp., but, as we regard it, this is of no importance in this case. The notice was properly given, and it is immaterial, so far as the validity of the decree of final settlement is concerned, whether the proof of that fact was filed within the six months or not. The time within which a creditor is required to present his claim begins to run from the first publication of the notice (section 1159, B. & C. Comp.), and not from the filing of the proof thereof with the county clerk. The publication, and not the filing, is, therefore, the vital fact to be considered, and the date of the filing is not jurisdictional. The statute requiring it to be made within a certain time is directory, and not mandatory. *McFarlane* v. *Cornelius*, 43 Or. 513 (73 P. 325 [74 P. 468])."

The statutes of that state prescribe the time when the notice should be published, and it was held to be directory.

*McFarlane* v. *Cornelius*, 43 Or. 513, 73 P. 325, 74 P. 468, above cited by the court in the Habighorst case, was an action for divorce in which the question of ''publication of notice'' was involved. In the fourth syllabus of that case the court held:

"B. & C. Comp., section 822, declaring that proof of publication of a notice required to be published in a newspaper may be made by the affidavit of the printer, etc., but that such affidavit must be made within six months

after the last day of publication, is directory only; and hence a failure of a printer to make affidavit to the publication of a summons within such time was insufficient to deprive the court of jurisdiction to render judgment thereon, such affidavit having been made before the decree was rendered.''

In *Wilkinson, Adm'r, etc.,* v. *Conaty,* 65 Mich. 614, 32 N. W. 841, in construing a question involving publication of notice under the statutes of that state, the court said:

''The statute also provides that, when application is made for the appointment of an administrator, the judge of probate shall cause notice of the same, and of the time and place of hearing thereof, to be published for three successive weeks in such newspaper as he may direct. Section 5866, How. St. This section of the statute was complied with, and Thomas Wilkinson was appointed administrator. It is claimed that such appointment was void, because (1) it does not appear, in the order making the appointment, that Wilkinson was next of kin, or that he was a principal creditor; (2) that it does not appear from the affidavit of publication of the notice of hearing that the notice annexed to the affidavit 'was taken from the paper in which the notice was printed;' (3) it did not specify the times when the notice was published.''

At page 846 (65 Mich. 623), in discussing the question, the court said:

''It is further urged that the commissioners on claims had no authority to hear and allow claims against the estate, because at the time they acted there was no proof before them that the notice to creditors had been published. It appears in the record before us that the notice was in fact duly published. They had jurisdiction, therefore, to proceed to hear and allow claims. The statute does not require that proof of giving the required notice shall be made and filed with them before they are authorized to act. We held, in the case of *In re Schlee* [65

Mich. 362] *ante* [32 N. W.] 717 (at the present term,) that the fact that notice of a guardian's sale was duly given as required by law was the essential point, and that it was of no importance that proof of the fact was not filed in the probate court before sale, and that it was immaterial when the proof of that fact was produced. We are referred to the case of *Gillett* v. *Needham,* 37 Mich. 143, as lending support to the positions assumed by the defendants. That case decides that, to authorize the appointment of an administrator, notice of the hearing must be given; for it is only in this way that the court obtains jurisdiction of the parties interested, and they are brought before it by due publication of notice of the appointment. In that case the only proof of publication was an affidavit which entirely omitted the name of the paper in which the notice was published. It did not, therefore, show that the notice was published in the paper ordered by court, or that the annexed notice was taken from any newspaper. There was a total lack of proof of publication, and as a matter of course the appointment could not be sustained. The other authorities cited upon the argument are in harmony with the views above expressed."

In the case of *In re Schlee,* 65 Mich. 362, 32 N. W. 717, above cited, the court held that:

"Under How. St. Mich., section 7498, providing that proof of publication of notice of guardian's sale may be made by the affidavit of the printer of the newspaper in which it was published, or of his foreman or principal clerk, an affidavit by the 'bookkeeper' is not a compliance with the statute, but may, with a copy of the notice, be admitted as evidence, under section 6047, of the time and manner of giving notice, when such affidavit is couched in positive affirmative language."

Under the holding of the majority in the present case, it is impossible to give effect to the provision that the statute of limitations begins with the first publication of

notice and ends at the expiration of six months from that date. If proof is not filed, under that holding the statute does not run at all; it never begins to operate. But, if the proof is filed one day before the expiration of six months, it will operate from that date, and will have the six-month statute actually operating only one day.

It seems to me that it is better to adhere to a reasonable meaning of the statute, even though it may operate harshly, or even injuriously in particular cases.

SMITH, C. J., concurs in this dissent.