BANKSTON *v.* FIRST NAT. BANK & TRUST CO. OF VICKSBURG.

(Division B.   Dec. 7, 1936.)

[171 So. 18.   No. 32436.]

**Percy Bell**, of Greenville, and **Fielding Wright**, of Rolling Fork, for appellant.

**Brunini & Hirsch**, of Vicksburg, for appellee.

722

**Ethridge, P. J.**, delivered the opinion of the court.

On January 15, 1930, J. R. Bankston executed a note reading as follows:

"$1165.35          Vicksburg, Miss., January 15, 1930.

"On December 1st, 1931, after date, I promise to pay to N. Vick Robbins, or Bearer, Eleven Hundred and Sixty-Five and 35/100 Dollars in gold coin of the United States of the present standard of weight and fineness for value received, together with interest at the rate of 6 per cent per annum from maturity until paid, and 10 per cent attorney's fees if this note be placed in the hands of an attorney for collection. The drawers and endorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note. Negotiable and payable at the banking house of the Merchants National Bank and Trust Company, of Vicksburg, Miss.

"J. R. Bankston.

"For 1/3 rent on Anguilla."

This note was indorsed as follows: "Pay to First National Bank & Trust Co. Vicksburg, Miss. N. Vick Robbins."

J. R. Bankston having died, the appellant here, J. M. Bankston, took out letters of administration on his estate and published the following notice to creditors:

"Letters of administration on the estate of J. R. Bankston, deceased, having been granted to the undersigned by the Chancery Court of Sharkey County, Mississippi, on the 1st day of August, 1934, notice is hereby given to all persons having ———— against said estate to present the same to the clerk of the Chancery Court of Sharkey County, Mississippi, for probate and registration within six months from this date or the same will be forever barred.

"Witness my signature this the 1st day of August, 1934.

"John M. Bankston, Administrator,"
which notice was duly published in the Deer Creek Pilot, a newspaper in Sharkey County, for the required time.

On November 15, 1934, S. E. Treanor, vice president and cashier of the First National Bank of Vicksburg,

filed the above-quoted note for probate making affidavit thereto as follows: "Personally appeared before me, Notary Public in and for said County, S. E. Treanor the V. P. & Cashier of the First National Bank & Trust Co. of Vicksburg, who being by me first duly sworn, say that the annexed note for One Thousand, One hundred, Sixty-five and 35/100 Dollars, plus interest at 6 per cent from December 1, 1931, against the estate of J. R. Bankston, deceased, as stated, is just and correct, and owing from the deceased; that it is not usurious, and that neither he, the affiant, nor any other person, has received payment, in whole or in part thereof, except such as is credited thereon, if any, and that security has not been received therefor, except as stated, if any. S. E. Treanor. Sworn to and subscribed before me this 15th day of November, 1934. B. H. Colmery, Notary Public," to which is appended the following: "Original note probated and returned, and duplicate filed," which indorsement did not contain the name of the clerk, nor the seal of his office. Then follows the clerk's affidavit setting forth that "The original note and affidavit attached thereto probated and allowed to the First National Bank & Trust Company of Vicksburg, against the estate of J. R. Bankston, deceased, on November 16, 1934, were withdrawn and delivered by me to the First National Bank & Trust Company of Vicksburg. I further certify that there is attached to this certificate a true copy of said note, and I further certify that the affidavit and probation of said indebtedness shown on the reverse side hereof, is a true copy of the original so delivered to the First National Bank & Trust Company of Vicksburg." This certificate was dated May 8, 1935.

The decree of the chancellor recites that the appellee bank on May 8th, filed a claim with a proper certificate and seal of the clerk thereon, which constituted a valid obligation and indebtedness due by the estate, and from this decree the administrator appeals.

It is contended by the administrator that the appellee bank could not make the required affidavit in order to probate the note, but that it would have to be made by the creditor, N. Vick Robbins.

From the terms of the note, it will be seen that it was payable to N. Vick Robbins, or bearer, and that it was duly indorsed by him to the First National Bank. A note payable to "bearer" is a contract between the maker and whoever becomes the legal holder, in due course, for value received. Arnold v. Leonard, 12 Smedes & M. 258, and Hathcock v. Owen, 44 Miss. 799.

It is next contended that although the clerk did not place his name and the seal of his court upon the copy of the note retained by him, he certified that it was a true and correct copy, citing Walker v. Nelson, 87 Miss. 268, 39 So. 809; McWhorter v. Donald, 39 Miss. 779, 80 Am. Dec. 97; Saunders v. Stephenson, 94 Miss. 676, 47 So. 783; Gaulden v. Ramsey, 123 Miss. 1, 85 So. 109; Persons v. Griffin, 112 Miss. 643, 73 So. 624; Rogers v. Rosenstock, 117 Miss. 144, 77 So. 958; Merchants & Manufacturers Bank v. Fox, 165 Miss. 833, 147 So. 789; Jordan et al. v. Love, 171 Miss. 523, 157 So. 877; King v. Jones, 171 Miss. 886, 158 So. 457, 796.

From these cases, it appears that the certificate of the clerk with his seal of office thereon was essential to the probate proceedings had on November 16, 1934.

The appellee bank contends that, if the court holds, as we do, that the probate of November 16, 1934, was invalid for failure of the clerk to certify that the copy retained by him contained his seal of office, nevertheless the note is not barred by the statute of limitations (Code 1930, sec. 1672), because no proper notice was ever published, and that it takes a strict compliance with the law to set the statute of limitations in motion, and that the proceedings had on May 8, 1935, constituted a valid probate of the indebtedness, and that the judgment of the court below should be affirmed.

It has been held by the authorities above cited that the requirements of the law with reference to the administration of estates, and proceedings to establish claims against same, should be strictly followed, and we think that the omission of the word "claims" in the notice to creditors, and it having no equivalent word, was insufficient to set the statute of limitations in motion. Of course, it is permissible for creditors to file and prove their claim, whether statutory notice is given or not, but unless the notice conforms to the statute, the creditors are not barred from their right to probate their claims. It follows that all claims probated against estates, if lawful, are valid and binding obligations against same, but creditors who have not probated their claims within six months from the giving of a void notice are not barred, and may, thereafter, probate claims under the general statute of limitations.

One who invokes a strict doctrine should, himself, conform to the requirements of the statute. This court held in the case of Love Petroleum Co. v. Oil Producing Co., 169 Miss. 259, at page 270, 152 So. 829, 153 So. at page 389, in the suggestion of error that, "When a party relies upon a time provision in a contract as being of the essence of that contract, it is no more than just that when he thus calls for strictness in adjudication he should show that he has been as definite and certain in his contract stipulations in respect to the time relied on as he is in the strictness to which he seeks to hold the other party in relation thereto."

We, therefore, think the judgment of the chancellor should be affirmed.

Affirmed.