[S. F. No. 11565. In Bank.—September 26, 1927.]

JAMES D. PHELAN et al., Respondents, v. ALL PERSONS, etc., FRANCIS J. SULLIVAN et al., Appellants.

[1] CORPORATIONS—STOCK AND STOCKHOLDERS—OWNERSHIP OF PROPERTY.—It is elementary that the ownership of shares of stock in a corporation gives no legal title to the property of the corporation to the stockholder.

[2] QUIETING TITLE—MCENERNEY ACT—ORDER FOR PUBLICATION OF SUMMONS—FAILURE TO FILE IN TIME—JURISDICTION.—The time allowed by the McEnerney Act (section 8) for pleading to the complaint begins to run from the first publication of the summons, and the requirements as to the filing of the order for publication are mandatory and jurisdictional; and where the judgment-roll in such a case shows that no order for publication of summons was on file at the time publication was made, the judgment rendered therein is void on its face and is not a bar to an action subsequently commenced under said act.

[3] ID.—ORDER OF COURT—FILING—VALIDITY OF—RECITAL OF JUDGMENT.—An order of court has no inherent vitality or effect until filed with the clerk; and where the judgment-roll in an action to

---

1. See 6 Cal. Jur. 834; 7 R. C. L. 304.
3. See 18 Cal. Jur. 663.

quiet title under the McEnerney Act shows the actual date of filing the order for publication of summons to be subsequent to the publication of summons, a recital in the judgment that sum- mons was regularly published does not cure the defect.

(1) 14 C. J., p. 54, n. 29.   (2) 32 Cyc., p. 1346, n. 85.   (3) 32 Cyc., p. 1384, n. 18.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Francis J. Sullivan and Robert P. Troy, *Amicus Curiae,* for Appellants.

D. C. Murphy and R. M. J. Armstrong for Respondents.

Randolph V. Whiting for Charles A. Sullivan, Guardian *ad Litem* of Francis J. Sullivan.

LANGDON, J.—This action was commenced by plain- tiffs to quiet title to certain parcels of real property in the city and county of San Francisco, alleging that they were tenants in common of the same. The city and county of San Francisco filed a formal answer thereto, but no proof was made by them at that trial. Francis J. Sullivan filed an answer asserting that "he has a right, title and interest in the real property referred to in the complaint." He also alleged that he was president of the plaintiff corpora- tion, Alice Phelan Sullivan Corporation, and also a stock- holder thereof; "that said corporation is a family corpora- tion composed of ten thousand shares. That James D. Phelan owns a very few shares, to wit: one share, but ab- solutely controls the Board of Directors, who are also stock- holders; that all the business of the corporation, as well as the officers thereof, except affiant, are subject to his will and act in conjunction with him, and that for this reason it would be of no avail to make a demand on the directors to file an answer herein. Such a request would have been useless and would have been refused; therefore, affiant has verified and filed this answer on behalf of all the stock- holders of the Alice Phelan Sullivan Corporation and of the

corporation itself.'' It is also alleged that defendant Sullivan is the sole owner of the lot on the southwest corner of Folsom and Ninth Streets, having purchased the same from the plaintiffs, but no proof was adduced at the trial of his ownership of this lot.

From a judgment in favor of plaintiffs, defendant Sullivan appealed, and one of his contentions upon appeal is that the finding that he had no interest in said property or any part thereof at the time of the commencement of the action is contrary to the admitted fact that he was a stockholder of the Alice Phelan Sullivan Corporation at the commencement of the action, one of the tenants in common of the property. [1] It is elementary that the ownership of shares of stock in a corporation gives no legal title to the property of the corporation to the stockholder. (*Kohl v. Lilienthal,* 81 Cal. 378, 385 [6 L. R. A. 520, 20 Pac. 401, 22 Pac. 689].)

[2] It is also contended that the present action was barred by reason of a judgment obtained in 1909 in a McEnerney suit, affecting the property involved here, in which James D. Phelan, Mary L. Phelan, and Alice Phelan Sullivan were plaintiffs. Respondents take the position that said prior judgment was void on its face, because the judgment-roll showed that no order for publication of summons was on file at the time publication was made. The publication of summons was completed on August 27, 1908, and the order for publication, though dated as of an earlier date, was not filed until January 13, 1909. Section 4 of the so-called McEnerney Act (Stats. 1906 (Ex. Sess.), p. 79), contains the following provision: ''The newspaper in which such publication is to be made shall be designated by an order of the court or a judge thereof to be signed and filed with the clerk.'' The time allowed by the act (section 8) for pleading to the complaint begins to run from the first publication of summons. It is apparent, therefore, that the requirement as to the filing of the order for publication is mandatory and jurisdictional. Such a construction was placed upon section 1491a of the Code of Civil Procedure, requiring the filing of a copy of notice to creditors, in the case of *Hawkins* v. *Superior Court,* 165 Cal. 746 [134 Pac. 329], where it was said: ''If it is directory merely, it, of course, follows that the notice need not be

filed within the time specified in the section, but at any other time, even after the publication has been completed and the time for presenting claims has expired, and when the filing of it could serve no purpose whatever. The practical effect of such a construction would be to hold that the filing of the required notice need not be made at all.''

[3] It has also been held (*Brownell* v. *Superior Court*, 157 Cal. 703 [109 Pac. 91]), that an order has no inherent vitality or effect until filed with the clerk. Inasmuch as the judgment-roll in the prior action to quiet title to the property involved here shows the actual date of filing the order for publication of summons therein, as of a date subsequent to the publication of summons, the recital in the judgment therein that summons was regularly published does not cure the defect. (*Grinbaum* v. *Superior Court*, 192 Cal. 546 [221 Pac. 635].)

There are other matters urged by the appellant, but they are without merit and need not be discussed in detail for the reason that it appears from the record that the judgment rendered is correct and proper and that no substantial right of appellant has been prejudiced thereby.

Since this appeal was perfected the appellant has been declared incompetent to manage his own affairs and a guardian of his person and estate has been duly appointed. The appellant acted as his own attorney in filing the appeal and the opening brief presented to the court and Robert P. Troy appeared as associate counsel. Mr. Troy contested the appointment of a guardian, but it was held in the case of *Sullivan* v. *Dunne*, 198 Cal. 183 [244 Pac. 343], that he had no authority to act for appellant under the circumstances. After the appointment of the guardian for appellant a guardian *ad litem* was duly appointed for appellant in this action and an additional brief was filed in this court by said guardian on behalf of appellant, in which brief the guardian recognized his duty to his ward not to prolong useless and meritless litigation, and in which it was admitted that no substantial right of appellant had been invaded by the judgment and that the judgment should be affirmed.

It is also true that Robert P. Troy has filed a brief herein as *amicus curiae*, raising various technical objections, which it is unnecessary to set forth in this opinion, because we

find no merit in the appeal nor in any of the matters urged for a reversal of the judgment.

The judgment is affirmed.

Preston, J., Curtis, J., Seawell, J., Richards, J., Shenk, J., and Waste, C. J., concurred.