Argued 7 October, decided 19 October, 1903.

## CONANT'S ESTATE.

### HABIGHORST v. CONANT.

[73 Pac. 1018.]

ESTATE OF DECEDENT—VACATING DECREE FOR FRAUD.

1. The testimony herein does not justify the vacation of the decree of final settlement on the ground of fraud.

VACATING DECREE AFTER CLOSE OF TERM—JURISDICTION.

2. A final order entered by a court having jurisdiction cannot be vacated after the close of the term at which it was entered; though an order entered without jurisdiction may be set aside at any time.*

WHAT CONSTITUTES A FILING OF A PAPER.

3. Under B & C. Comp. § 546, providing that "a pleading or paper shall be filed by delivering the same to the clerk at his office, who shall endorse on it the day of the month and the year, and subscribe his name thereto," a paper is filed when it is delivered to the clerk with the intention that it shall become part of the official records, and such filing is not affected by the clerk's failure to endorse the same: *Hilts* v. *Hilts*, 43 Or. 162, distinguished.

STATUTES—FILING PROOF OF PUBLICATION OF NOTICE.

4. The requirement of Section 1159 of B. & C. Comp., that a copy of the published notice to the creditors of an estate shall be filed within six months from the date of such notice, is directory only, and the failure to file the notice will not affect the validity of the final decree, if the notice was in fact published.

From Multnomah: JOHN B. CLELAND, Judge.

This is an appeal from a decree of the circuit court reversing an order of the county court setting aside and vacating a decree of final settlement of the estate of Wallace L. Conant, deceased. Conant died in March, 1898, leaving his wife as his sole heir. On April 23d of that year, H. A. Keinath, the father of Mrs. Conant, was appointed administrator of the estate. He duly qualified, and immediately thereafter published notice, as required by law, of his appointment, notifying all persons having claims against the estate to present the same, with the proper vouchers, to the administrator at a place designated, within six months from the date of the notice. On October 31, 1898, the administrator filed his final account, and an order of the county court was made fixing Decem-

---

*NOTE.—See, also, *White* v. *Ladd*, 41 Or. 324,—REPORTER.

ber 7th following as the time for the settlement thereof, and requiring the administrator to publish notice of the proposed settlement as required by law. The notice of final settlement was duly published, and on December 7th the account of the administrator was examined and approved by the county court, the estate closed, and an order made discharging the administrator upon his filing a receipt from the heir at law for the balance in his hands. On September 26, 1899, Habighorst & Co., a creditor of the estate, whose claim had not been presented or paid, filed a petition in the county court to vacate and set aside the decree of final settlement, and for permission to present its claim to the administrator for allowance. It alleged as a basis for the relief sought, in substance: (1) That the appointment of the administrator was obtained and the settlement of the estate so managed and conducted as fraudulently to mislead and prevent creditors from collecting their claims, with the purpose and intent of securing the funds of the estate for the administrator's daughter; (2) that the petitioner did not present its claim to the administrator for allowance, relying on his promise and representation that it would be paid without formal presentation; and (3) that the decree of final settlement is void because no proof of the publication of notice to creditors, or of the notice of final settlement, had been filed with the clerk of the county court at the time the decree was made. The county court allowed the petition, but upon appeal its decree was reversed by the circuit court.                                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Dell Stuart* and *Mr. Harry K. Sargent*.

For respondent there was a brief and an oral argument by *Mr. William Y. Masters*.

Mr. Justice Bean, after stating the facts in the foregoing language, delivered the opinion of the court.

1. There is not a sufficient basis shown by the record for disturbing the decree of final settlement in the county court on the ground of fraud. The appointment of the administrator was regularly made, notice thereof was given by publication in a newspaper of general circulation in the county, all the proceedings in the administration of the estate were conducted in due form and with all the publicity required by law. The only evidence tending to show want of good faith is that one claim against the estate was paid without being properly presented. At the presentation of another, the attorney for the estate expressed some surprise that the claimant knew of the appointment, and said that it was the desire to settle the estate with as little notoriety as possible, as there were some claims which they did not wish to pay; and that the petitioner did not present its claim to the administrator because of some promises or representations made by him. This, however, is not sufficient evidence to justify the setting aside or vacating a decree of a court of competent jurisdiction, made in a judicial proceeding regularly conducted, and particularly on the petition of a party who knew of the pending proceedings.

2. The important, and practically the only, question for decision is whether the decree of final settlement in the county court is void for want of jurisdiction. If so, that court had a right to vacate and set it aside at any time, and did not err in so doing. If, however, the decree was not void, it could not be disturbed by the court entering it after the expiration of the term, and the decree from which this appeal is taken should be affirmed: *Deering* v. *Quivey*, 26 Or. 556 (38 Pac. 710).

3. The objection to the decree of the county court is that neither the notice to creditors nor of final settlement,

with proof of publication, were on file with the clerk of the county court at the time the decree was made. Both of these notices, with due proof of their publication, are among the papers and files of the estate, but there were no indorsements thereon by the clerk prior to the 25th of May, 1900, when, by order of the county court, he filed them as of the date of the final decree. When these papers were delivered to the clerk, and how they come to be among the papers of the estate, are controverted questions in the case. The clerk and each of his deputies made affidavit that they were not presented for filing prior to the decree of final settlement. The affidavit of the attorney for the administrator, however, is that he procured copies of the notices referred to, with due proof of the publication thereof, from the publisher of the paper, "and duly delivered them to the clerk of this court to be filed ; that I am unable to state the exact day at which I so delivered said papers to said clerk, but the same were so delivered before the entry of the decree herein discharging said administrator ; * * that for some reason unknown to me the clerk of this court has neglected to indorse his file mark on said proofs of publication of said notices and said claims ; that the same were duly presented to this court upon the hearing of said final account, and said account was duly and regularly approved, and said administrator discharged." The decree of final settlement recites the due publication of both notices. The circuit as well as the county court found from the affidavits submitted that, as a matter of fact, the notices, with due proof of the publication thereof, were presented to the county clerk for filing prior to the date of the final settlement, and that each of such papers has ever since been, and now is, among the papers of the estate. The recitals in the decree of final settlement, the affidavit of the attorney for the administrator, whose recollection is more likely to be accurate than that of the county clerk or his deputies,

who are each day intrusted with many papers for filing, and the fact that the notices, with proof of publication thereof, were found among the files of the estate in the custody of the clerk, show quite clearly, in our opinion, that they were delivered to him for filing at or before the date of final settlement, and were in the possession of the court and acted upon by it at the time, and have ever since remained among the files of the estate. The question, then, is whether such facts show a filing within the law.

The statute provides that "a pleading or paper shall be filed by delivering the same to the clerk at his office, who shall indorse upon it the day of the month and the year and subscribe his name thereto": B. & C. Comp. § 546. It will be observed that this statute does not make the indorsement by the clerk a prerequisite to the filing, or provide that no paper shall be deemed filed without such indorsement. The filing consists in delivering the paper to the clerk with an intention that it shall be filed. The law imposes the duty upon the clerk of making the proper indorsement thereon, but his failure to do so cannot affect the validity of the filing. A paper or document is filed within the meaning of this statute when it is delivered to and received by the clerk to be kept among the files of his office, subject to the inspection of the parties. The indorsement required to be made thereon by the clerk is intended merely as a memorandum and as evidence of the time of the filing, but is not essential thereto. The act of filing consists in presenting the paper to the proper officer, and its being received by him and deposited among the records of his office. "A paper is said also to be filed," says Mr. Bouvier, "when it is delivered to the proper officer, and by him received to be kept on file": Bouvier's Law Dictionary. Mr. Abbott defines filing as "to place papers upon a file; or, more generally, to deposit papers in official custody, or receive them officially for orderly and system-

atic safe-keeping." Again: "'To file' and 'filing' mean the act either of the party in bringing the paper and depositing it with the officer for keeping, or the act of the officer in folding, indorsing, and putting up the paper'": Abbott's Law Dictionary. It has accordingly been held by this court that under our statute a paper may be filed without being marked or indorsed by the clerk: *McDonald* v. *Crusen*, 2 Or. 258; *Moore* v. *Willamette T. & L. Co.* 7 Or. 359; *Hilts* v. *Hilts*, 43 Or. 162 (72 Pac. 697). And such are the authorities elsewhere: 8 Ency. Pl. & Pr. 923; 13 Am. & Eng. Ency. Law (2 ed.), 13.

4. It does not appear that proof of the publication of the notice to creditors was filed within the time provided in Section 1159, B. & C. Comp., but, as we regard it, this is of no importance in this case. The notice was properly given, and it is immaterial, so far as the validity of the decree of final settlement is concerned, whether the proof of that fact was filed within the six months or not. The time within which a creditor is required to present his claim begins to run from the first publication of the notice (Section 1159, B. & C. Comp.), and not from the filing of the proof thereof with the county clerk. The publication, and not the filing, is, therefore, the vital fact to be considered, and the date of the filing is not jurisdictional. The statute requiring it to be made within a certain time is directory, and not mandatory: *McFarlane* v. *Cornelius*, 43 Or. 513 (73 Pac. 325). We are of the opinion, therefore, that the decree should be affirmed, and it is so ordered.

AFFIRMED.