[S. F. No. 6502.    In Bank.—July 25, 1913.]

JOSEPH K. HAWKINS, Executor of the Will of E. F. Harding, Deceased, Petitioner, v. SUPERIOR COURT OF MARIN COUNTY, and E. T. ZOOK, Judge, Respondents.

ESTATES OF DECEASED PERSONS—NOTICE TO CREDITORS—NOTICE OF FIRST PUBLICATION—TIME FOR FILING—DECREE ESTABLISHING DUE NOTICE.—In the settlement of the estate of a deceased person, the court is not authorized to make the decree establishing due notice to creditors provided by section 1492 of the Code of Civil Procedure, unless a printed copy of such notice accompanied by a statement setting forth the date of the first publication thereof and the name of the newspaper in which the same is printed, has been filed in court, within thirty days after the first publication of the notice, as required by section 1491a of that code, enacted in 1911.

ID.—PROVISIONS AS TO FILING STATEMENT OF FIRST PUBLICATION ARE MANDATORY.—The provisions of section 1491a of that code, requiring the printed copy of the notice and the statement as to its publication to be filed within thirty days after the first publication of the notice are mandatory and not merely directory.

APPLICATION for a Writ of Mandate directed to the Superior Court of Marin County.    E. T. Zook, Judge.

The facts are stated in the opinion of the court.

Keys & Harlan, for Petitioner.

Martinelli & Greer, for Respondents.

LORIGAN, J.—During the administration of the above estate in the superior court of Marin County, that court on November 7, 1911, made an order directing publication of notice to creditors.

On December 2, 1911, the petitioner, as executor, commenced the publication of said notice in the *Marin County Tocsin,* a newspaper published in Marin County.    On May 1, 1912, he caused to be filed in said estate an affidavit in proper form and substance showing publication of said notice for the statutory time, and on the same day had a printed copy of said notice filed, accompanied by a statement of the date of the first publication thereof, and the name of the newspaper

in which it was printed. On January 8, 1913, the petitioner applied to said superior court in the matter of said estate for a decree establishing due notice to creditors based on the affidavit of publication and the notice of publication referred to.

The superior court refused to make the decree, and this proceeding in mandate is brought to compel it to do so.

Section 1491 of the Code of Civil Procedure provides for the time notice to creditors shall be published, depending upon the value of the estate as less than or exceeding ten thousand dollars.

Section 1491a provides that "within thirty days after the first publication of notice to creditors, the executor or administrator must file or cause to be filed in the court a printed copy of said notice to creditors accompanied by a statement setting forth the date of the first publication thereof and the name of the newspaper in which the same is printed."

Section 1492 declares that "after the notice is given, as required by the preceding section, a copy thereof, with the affidavit of due publication, or of publication and posting, must be filed, and upon such affidavit or other testimony to the satisfaction of the court, an order or decree showing that due notice to creditors has been given, . . . must be made by the court."

Sections 1491 and 1492 are old and long existing sections of the code. Section 1491a is comparatively a new section, having been enacted by the legislature in 1911.

In denying the application of petitioner for a decree of due notice to creditors, the superior court did so upon the ground that the petitioner, as executor, had failed to comply with the provisions of section 1491a in not filing in the estate a printed copy of the notice with the required statement within the time provided by that section.

The only claim of the petitioner on this application is that he was entitled to have a decree establishing due notice to creditors made by the superior court on proof of publication as required by section 1492; that that section alone governs as to the requisite proofs for such an order; that proof of compliance with section 1491a is not required by section 1492; and in any event the provisions of section 1491a are directory and not mandatory, and it appearing that compliance therewith had in fact been made when the decree establishing due notice

to creditors was applied for, all the requirements of law entitling petitioner to have the court make it were satisfied.

We cannot agree with petitioner and are satisfied that the superior court was right in refusing the decree.

It is quite clear that the legislature in enacting section 1491a intended to provide a means of giving additional and more effective notice to creditors so as to facilitate and aid them in presenting their claims against the estate. As the sections of the code stood prior to such enactment there was nothing which might appear on the files of the estate during the period while the time within which claims must be presented was running which would indicate to creditors when publication of notice was actually commenced or in what paper said notice was being published, or when or to whom such claims might be presented for consideration. These matters would only appear when the affidavit of publication was filed, and as the law specifies no time when this affidavit is to be filed, record information of these matters might be withheld for an indefinite time; the affidavit of publication might only be filed when the estate was about to be closed and a decree establishing due notice to creditors was necessary to be obtained as a prerequisite to final distribution; the filing delayed for months and possibly years after the period of publication had expired. This want of any information in the files of the estate itself of when and where publication was being made and when and to whom claims should be presented, doubtless prompted the legislature to the enactment of section 1491a, which was intended to supply all this information by requiring that a copy of the published notice with a statement of the fact as to when publication began and in what paper should be of record in the estate within thirty days after the first publication. Parties interested in the estate whose right to act therein might be measured by lapse of time for the presentation of claims, and creditors whose claims required presentation within the given time would thus have early, direct, and full information by an inspection of the files of the estate and could act accordingly. With this section 1491a complied with parties interested would not be required to hunt up the whereabouts of the executor, administrator, or attorney of the estate, who might all be nonresidents of the county in which it was being probated, and whose particular places of

residence or offices the files would not disclose; nor assume the task of perusing the newspapers of the various cities and towns of a county to ascertain in just which one the notice was being published. Ordinarily this task may not be a difficult one, but it was for the purpose of obviating any trouble or annoyance in the matter that the legislature enacted section 1491a. This was the only possible purpose its enactment could subserve. While the wisdom of the legislature in making this simple provision is obvious, still if the claim of the petitioner is to obtain, that the filing of the notice which it provides for is merely directory, nothing has been accomplished at all and the legislature might have saved itself the trouble of the enactment. If it is directory merely, it, of course, follows that the notice need not be filed within the time specified in the section, but at any other time, even after the publication has been completed and the time for presenting claims has expired, and when the filing of it could serve no purpose whatever. The practical effect of such a construction would be to hold that the filing of the required notice need not be made at all.

But it is claimed that section 1492 alone provides what proof shall be made to obtain a decree establishing due notice to creditors and that it does not require proof of the filing of the notice mentioned in section 1491a. It is true that it does not mention it directly, and harmony in the sections would have been better attained if it had, but as the purpose of the legislature was to make such filing a prerequisite to full notice to creditors, we think it was the intention of the legislature that there should be a compliance with the section and proof thereof to authorize the court to make the decree establishing due notice.

Compliance with the section is so easy that there can be no reasonable excuse for its nonobservance, nor should its beneficent provisions be frittered away and rendered nugatory by a construction which treats it as merely directory. We are satisfied that both from the language used and the purpose to be attained it was intended that the section should be mandatory and the superior court properly so construed it.

The petition for a writ is denied and dismissed.

Angellotti, J., Sloss, J., Henshaw, J., and Melvin, J., concurred.

SHAW, J., dissenting.—I dissent.   Section 1492 provides that upon the production of the affidavit of due publication of the notice to creditors, the court must make an order showing that due notice to creditors has been given.   Section 2010 of the Code of Civil Procedure, provides that the affidavit may be made by the printer of the newspaper, his foreman or principal clerk.   It is obvious that the notice to creditors here referred to, the due publication of which must be proven by the affidavit, is the notice published in a newspaper not less than once a week for four weeks, as provided in section 1490 of the Code of Civil Procedure.   The decision of the court is that notwithstanding the express and plain provisions of section 1492, the court need not make the order as there directed, and indeed must not do so, unless it is shown that another provision of the law has been complied with, a provision not contained in or referred to in section 1492, and not made a condition of or essential to a compliance therewith.   The result is that the court holds that by enacting section 1491a, the legislature has amended section 1492 without re-enacting it or publishing it at length as amended, or referring to it in the title of the amending act, all of which is in direct violation of section 24, of article IV of the constitution of California.

It is true, this point is not made by either party.   But our probate law is already too much complicated by unnecessary requirements and notices.   Further essentials should not be imposed, unless the statute providing them is clear, direct, and valid, even if counsel fail to notice the defect.   An act passed by the legislature without complying with these commands of the constitution is beyond its constitutional powers and void for any purpose.   As the new section 1491a could not, in view of the constitutional prohibition, have the effect of amending section 1492 without re-enacting and publishing the latter at length, I conceive it to be our duty to hold that it does not qualify section 1492 at all, and that the court must make the order as there provided and directed, upon proof of the publication alone.   If section 1491a is inoperative, it is the fault of the legislature.