[Civ. No. 924. Fourth Appellate District.—September 29, 1932.]

CLYDE R. BURR, as Receiver, etc., Appellant, v. R. N. GOODWIN, as Administrator, etc., Respondent.

Philip Grey Smith for Appellant.

M. C. Atchison for Respondent.

MORTON, J., *pro tem.*—This is an appeal by the claimant from a judgment in favor of the administrator on a rejected claim.

Shortly prior to his death decedent filed an action against the appellant bank for charging and collecting usurious interest from him. R. N. Goodwin, as administrator, was substituted as plaintiff, and in its answer the bank pleaded

certain promissory notes executed by decedent and held by the bank, as a counterclaim and set-off thereto. A claim on the notes had been presented to the administrator but he had not approved or rejected it at the time of the trial, although more than ten days had elapsed since the presentation of the claim. Judgment was for the plaintiff and the court held that the amount of the notes was not available as a set-off because the claim filed in the estate did not contain copies of the notes. No appeal was taken from this judgment. A few days after the trial court had rendered its opinion and before judgment had been entered, the bank filed a new claim with the administrator, although more than ten months had elapsed since the first publication of the notice to creditors. This second claim was rejected by written notice, and suit was then filed thereon. Judgment was for defendant, and plaintiff appeals.

Two points present themselves for determination: First, whether the form of notice to creditors was sufficient; second, whether the judgment in the former suit precluded the claimant from recovering in the present action upon the second claim filed.

 The notice to creditors in the Goodwin estate which is attacked by appellant as insufficient directed "the creditors of and all persons having claims against the said deceased, to exhibit the same with the necessary vouchers within ten months after the first publication of this notice to the administrator, at the law office of M. C. Atchison, 201 City Market Building, Calexico, California". The notice omits the alternative provision of allowing claims to be filed "in the office of the clerk of the court from which letters were issued". (Sec. 1490, Code Civ. Proc.) The evidence does not disclose whether or not a decree establishing due notice to creditors had been granted in this estate. However, such a decree would not be conclusive in the face of satisfactory evidence showing that the publication of the notice to creditors was insufficient. (*Wise* v. *Williams,* 88 Cal. 30, at 34 [25 Pac. 1064].) In holding that section 1491a of the Code of Civil Procedure must be strictly complied with, the Supreme Court said in *Hawkins* v. *Superior Court,* 165 Cal. 743, 745 [134 Pac. 327, 328]:

"This want of any information in the files of the estate itself of when and where publication was being made and

when and to whom claims should be presented, doubtless prompted the legislature to the enactment of section 1491a, which was intended to supply all this information by requiring that a copy of the published notice with a statement of the fact as to when publication began and in what paper should be of record in the estate within thirty days after the first publication. Parties interested in the estate whose right to act therein might be measured by lapse of time for the presentation of claims, and creditors whose claims required presentation within the given time would thus have early, direct, and full information by an inspection of the files of the estate and could act accordingly. With this section 1491a complied with parties interested would not be required to hunt up the whereabouts of the executor, administrator, or attorney of the estate, who might all be nonresidents of the county in which it was being probated, and whose particular places of residence or offices the files would not disclose; nor assume the task of perusing the newspapers of the various cities and towns of a county to ascertain in just which one the notice was being published. Ordinarily this task may not be a difficult one, but it was for the purpose of obviating any trouble or annoyance in the matter that the legislature enacted section 1491a. This was the only possible purpose its enactment could subserve. While the wisdom of the legislature in making this simple provision is obvious, still if the claim of the petitioner is to obtain, that the filing of the notice which it provides for is merely directory, nothing has been accomplished at all and the legislature might have saved itself the trouble of the enactment. . . .

''Compliance with the section is so easy that there can be no reasonable excuse for its nonobservance, nor should its beneficent provisions be frittered away and rendered nugatory by a construction which treats it as merely directory. We are satisfied that both from the language used and the purpose to be attained it was intended that the section should be mandatory and the superior court properly so construed it.''

In *Madruga* v. *Superior Court,* 193 Cal. 564 [226 Pac. 1], the notice to creditors provided that claims should be filed in the county clerk's office or exhibited to the executrix at a place of business outside the county in which the administration was pending. The court refused to disregard as sur-

plusage the designation in the notice of a place of business outside the county at which claims might be presented, and held the notice to creditors was insufficient. Although it is not for us to question the reasons for the amendment of section 1490 of the Code of Civil Procedure, allowing claims to be filed in the office of the clerk of the court from which letters issued, it was undoubtedly the intent of the legislature in adding this provision to afford to creditors and parties interested the same facilities as provided by the information available in said office under section 1491a of the Code of Civil Procedure. If the option of designating only the county clerk's office or only the office of the executor within the county was for the executor to decide, then a creditor who did not carefully read all the newspapers of that county and had to go to the office of the clerk of the court to get information concerning when and where to present his claim would be required to then go and hunt up the office of the executor to present his claim, which might be anywhere in the county. We cannot feel that the legislature so intended. It must also be noted that the code section states that the claim be *filed* "in the office of the clerk of the court from which the letters were issued or to exhibit them with the necessary vouchers to the executor or administrator, etc." When a claim is filed in the office of the clerk of the court a definite record is made of the matter. Many executors and administrators are not experienced in office routine and therefore the clerk's record might often prove the more reliable. Furthermore, this provision also tends to center probate proceedings through the office of the clerk of the court and allows the creditor to file his claim in the same office where he secured the necessary information. The time for filing claims during the administration of an estate is limited. If the creditor fails to present his claim within the time specified in the notice it is forever barred. Strict compliance must be required on the part of the estate, to justify the advantages which may inure to it thereby.

Our second point is whether the judgment in the former suit precluded the claimant from recovering in the present action upon the second claim filed. After an examination of the record we fail to find any evidence that the first claim was ever approved or rejected by the administrator. If rejected, then no written notice of rejection was ever served upon the claimant as required by section 1498 of the

Code of Civil Procedure, to start the statutory time running within which to file suit. In the prior action, wherein the first claim covering the notes was pleaded as a counterclaim and set-off, the court found that no sufficient claim including said obligations was ever presented to the administrator and therefore none of the affirmative defenses pleaded was available to the defendant in that action. This finding appears to be based upon the fact that copies of the notes were not set out in the claim. In that action, therefore, the merits of the claim were not passed upon by the court and the judgment is not a bar to their consideration here.

In the case of *Palmer* v. *Guaranty Trust & Savings Bank*, 45 Cal. App. 572, at 577 [188 Pac. 302, 304], the court says:

"On the contrary, if a party makes an improper attempt to present a claim to an administrator, particularly where it is so defective as to be insufficient to constitute the basis for a cause of action, he is not estopped from presenting one in due form, if within proper time, and upon which an action may be based. (*Westbay* v. *Gray*, 116 Cal. 660 [48 Pac. 800]; *Warren* v. *McGill*, 103 Cal. 153 [37 Pac. 144].)" (See, also, 11 Cal. Jur., sec. 379, p. 661.)

To the same effect: "To operate as a bar a judgment must have been final, upon the same claim or cause of action, between the same parties or their privies, and must have been an adjudication in the merits." (15 Cal. Jur., sec. 210, p. 171.)

Thus where a plaintiff has pursued the wrong remedy or form of action a judgment against him is not on the merits of his claim. In *Gray* v. *Dougherty*, 25 Cal. 266, at 273, it was held: " . . . if the trial went off on a technical defect, or because the cause of action had not yet accrued, or because of a temporary disability of the plaintiff to sue, or the like, the judgment will not be a bar to a future action. (Greenleaf on Evidence, sec. 530.)" (See, also, 15 Cal. Jur., sec. 183, p. 124.)

In this matter we are therefore of the opinion that the notice to creditors published was insufficient and that the claim upon which the present action is based is not barred by the former judgment.

The judgment is reversed and the cause remanded for a new trial under the law as determined hereby.

Barnard, P. J., and Marks, J., concurred.