## HARRIS v. TURNER, Judge.

No. 6003.   Decided December 30, 1938.   (85 P. 2d 824.)

*John S. Boyden,* of Salt Lake City, for plaintiff.

*Irwin Clawson* and *Harry D. Pugsley,* both of Salt Lake City, for defendant.

WOLFE, Justice.

Plaintiff seeks mandamus to compel the defendant to sign a decree showing that due and legal notice has been given to creditors to present their claims against the estate of plaintiff's decedent. Defendant demurred to the petition for the writ; hence the latter with its exhibits constitutes an agreed statement of facts. These facts are that on March 21, 1936, plaintiff was appointed administratrix of the estate of Raymond V. Coddington, deceased. On April 20, 1936, she qualified as such. On March 28, 1937, to June 18, 1937, a notice to creditors of said estate was duly published in a newspaper. The pub-

lisher's affidavit of publication was sworn to on June 26, 1937, and on February 21, 1938 (more than eight months after the date of last publication), the same was filed in the clerk's office of defendant court. After this latter date the administratrix made a motion that the court make its decree showing that due legal notice to creditors had been given. The request was denied, and plaintiff seeks to compel such action.

Utah Revised Statutes 1933, 102-9-1, provides that every administrator must immediately after his appointment cause a notice requiring creditors to present their claims to be published, the order for and terms of which notice are prescribed by the clerk of the court under Section 102-2-1, subdivision (6), Section 102-9-3 provides that:

"Within thirty days after the publication of the notice is completed a copy thereof, with the affidavit of due publication, must be filed, and the court must enter an order or decree showing that due notice to creditors has been given."

It appears that there was a delay of about one year after the petitioner's appointment before the first publication of notice to creditors appeared, and after its completion there was a further delay of eight months before the proof of publication was filed,—seven months after the latter was sworn to by the publisher.

Plaintiff contends that the statute as to time is directory merely and not mandatory, while defendant's position is that, owing to the undue delay, he was under no legal duty to sign the decree. We should not become ensnared by terms. Mandatory has the sense of "must", but ■■■ whether the duty is mandatory or directory, we do not think filing a copy of the published notice together with proof within the thirty days is a condition necessary to exist before the court may make its order that due and legal notice has been given. The purpose of the filing of the copy of the notice and proof is to inform a creditor that notice had been given or to inform the court that it has been properly published so that he could make the

decree, or if not filed a creditor might conclude that at least notice had not been completed at a time prior to thirty days before he inspected the record. This last reason is given in *Hawkins* v. *Superior Court,* 165 Cal. 743, 134 P. 327, but it does not impress us as very persuasive. Our statute, Sec. 102-9-1, R. S. U. 1933, requires the executor or administrator "immediately after his appointment" to cause notice to be published. This is certainly only directory as to time because notice must be published before the estate can be closed. And no matter what time elapses after appointment the notice must still be published. That being the case a creditor who looked on one day could only claim that he relied on the fact that the notice was not completed at least at a time prior to thirty days before the time he looked. But next day the papers may be filed. The creditor, if he relies on the filing of the copy of notice and proof would be compelled to keep looking at least at eight day intervals, where the value of the estate is $10,000 or less and every 68 days where the value exceeds $10,000. R. S. Utah 102-9-2. Even if filed within the thirty days, the creditor may have looked just one day before, and he could not know when to start his periodical inspections unless he knew when the administrator had started to publish and if he knew that he could file his claim and would not have to wait for the copy of the notice and proof to be filed. As a matter of fact, there seems very little reason for a creditor having to rely on the filing of the notice and proof. It is not necessary to wait for publication of notice to start or to be completed before filing his claim. He can do it as soon as the administrator qualifies. It would be only on the rarest of occasions that the filed copy of notice would help the creditor. It would seem useless, if not absurd, that the creditor should wait for notice of creditors to be published when he could file his claim any time. The files give the name and usually the address of the administrator. If not the address he could easily locate the administrator. Whether, if the time has run but the copy of the notice

has not been filed within thirty days, he can yet file by order of the court if he shows prejudice by the failure to file, we need not in this case decide. We note in passing that Sec. 102-9-4 seems quite positive and that it would seem somewhat strained as stated before to charge prejudice to the failure to file the papers when it was the creditor's own tardiness that barred him. We do not think, therefore, that the reasoning of *Hawkins* v. *Superior Court,* supra, very convincing. But even that decision, while holding the filing within thirty days to be mandatory, did not say that a decree of the court showing due and legal notice to creditors when the notice had been published the required time in a proper newspaper was void if it appeared that the proof had not been filed within the thirty days. If no one was injured and no appeal taken, certainly the estate could be closed on such decree.

It is said that the reasoning of the case of *Reese* v. *District Court,* 52 Utah 520, 175 P. 601, is controlling here. In that case it was held that where an action was started by serving summons, the complaint and summons together with proof of service of the latter must be filed within the time stated in the statute or the court did not obtain jurisdiction of the defendant. In such case the defendant, if the papers were not filed within the time, might conclude that the plaintiff had decided not to sue at that time. He would not need to come every day thereafter to see if the papers had been filed in order to know whether he should defend. He could wait until another summons was served. The very exigencies of the situation demanded such an interpretation of Section 104-5-9, R. S. U. 1933 (1917 C. L. Sec. 6546). But Section 102-9-3 does not deal with the procedure to start suit on a claim. It deals with the time in which the claim must be filed and starts a period of limitations running. Even if the copy of the published notice and the proof of publication thereof are not filed in time, the notice which starts the statute running has performed its use. Failure to file proof within 30 days does

not nullify the publication. (The court may make its order showing publication of due and legal notice even though the copy and proof have not been filed within the thirty days.) If all claims are filed in time, and no one has suffered, there would be no reason for setting the order aside or holding that it was a nullity. Statutes must be interpreted in light of the situations and purposes with which they deal. From what has been said above it is clear that the filing of proof within thirty days is not a condition on the court's power to make a decree showing due and legal notice has been given to creditors. But while the court may decree that due and legal notice has been given, even though proof has not been timely filed, it is not compelled to do so. The circumstances may be such that late filing of proof of publication will have resulted in prejudice; and although such circumstances will be infrequent the court must decide, within its discretionary powers, whether such is the case. Being discretionary we cannot compel action unless perhaps there is a clear abuse of discretion. Whenever action by a court or other officer is sought to be compelled by mandamus, it must be shown that there is a clear legal duty to act as requested. The duty to so act must be clear, free from doubt, imperative, and without discretion to act or refuse. *Kyrimes* v. *Kyrimes,* 45 Utah 168, 143 P. 232; *Hart* v. *Wilson,* Tex. Civ. App., 156 S. W. 520; *National Mercantile Co.* v. *Mattson,* 45 Utah 155, 143 P. 223; *Ketchum Coal Co.* v. *District Court,* 48 Utah 342, 350, 159 P. 737, 4 A. L. R. 619, and cases cited.

The demurrer is sustained. The alternative writ recalled with costs to defendant.

FOLLAND, C. J., and MOFFAT and LARSON, JJ., concur.