## In re JONES' ESTATE
## JONES v. STATE TAX COMMISSION

No. 6184. Decided July 8, 1940. (104 P. 2d 1941.)

Rehearing Denied, January 11, 1941.

374

*Knox Patterson* and *Ned Warnock,* both of Salt Lake for appellant.

*Grant A. Brown,* and *Garfield O. Anderson,* and *Richard L. Bird, Jr.,* all of Salt Lake City, for respondent.

WOLFE, Justice.

The question to be resolved in this appeal is whether or not an administrator or executor of an estate in probate may claim as deductions from the gross estate for inheritance tax purposes amounts paid by said administrator to creditors of deceased who presented no claims against the estate in the probate proceedings. The lower court ruled that such deductions could not be allowed.

Waldo Jones died intestate on June 26, 1930. His mother and only heir was appointed Administratrix of his estate on September 6, 1930. The estate was appraised for inheritance tax purposes at $38,000. Notice to creditors to present their claims was duly published beginning October 2, 1930,

but no claims were presented on or before February 15, 1931, as required in the notice. Nor were any claims filed subsequently.

In her petition for distribution and discharge, however, Administratrix alleged that she had paid from the funds of the estate three obligations owing from decedent at the time of his death, to wit: $22,200 to Mrs. Eugenia Jones (Administratrix), $1,000 to the Bank of Grand Junction, and $25,412.18 to Mrs. Myrtle Adams (an aunt of deceased), These payments aggregate $48,612.18 and, if allowed, will completely liquidate the estate and eliminate any inheritance tax levy. No question has been raised as to the good faith of Administratrix in paying these amounts nor has the validity of any of the obligations as against the deceased been challenged. The point made by the Tax Commission is that no proper claims against the estate were ever filed; that consequently the debts are barred under Sec. 102-9-4, R. S. U. 1933, and that, even if said claims had been presented, they were not "approved and allowed * * * within one year" so are not deductible under Sec. 80-12-8, R. S. U. 1933. It should be noted at the outset that in all aspects material to this case, the statutes in effect at the time of decedent's death (1930) are identical with those hereafter cited from R. S. U. 1933.

Secs. 102-9-1 and 2, R. S. U. 1933 (Secs. 7645 and 7646, C. L. Utah 1917) provide that every executor or administrator immediately after appointment must publish notice to creditors to file their claims within four months after the first publication against an estate which exceeds $10,000 in value or within two months against one of $10,000 or under. Sec. 102-9-4, R. S. U. 1933 (Sec. 7648, C. L. Utah 1917 provides:

"All claims * * * must be presented within the time limited in the notice, and any claim not presented is *barred forever* * * *." (Italics added.)

This court held in the case of *In re Agee's Estate*, 69 Utah 130, 252 P. 891, 895, 50 A. L. R., 641, decided under Sec.

7648, Comp. L. Utah 1917, identical with Sec. 102-9-4, R. S. U. 1933:

"There can be no doubt that claims for debts contracted by decedent in his lifetime must be presented to the administrator or executor, as provided in the sections referred to * * * or the claim will be forever barred."

In *Clayton* v. *Dinwoodey*, 33 Utah 251, 93 P. 723, 14 Ann. Cas. 926, we used this language:

"Mere knowledge on the part of the executor or administrator of the existence of a debt * * * is not sufficient to dispense with the necessity of presentation. * * * the defense that the claim is barred by the statute of limitations cannot be waived by the executor or administrator."

The cases of *Harris* v. *Turner*, 96 Utah 342, 85 P. 2d 824, and *In re Phillips' Estate*, 86 Utah 358, 44 P. 2d. 699, by implication support this view. There is no conflict in the Utah cases and our ruling that, after proper notice, claims must be filed against an estate within the time limited by statute or said claims are forever barred is settled and clear.

If, therefore, these claims against the estate were forever barred, Administratrix was without discretion or power to allow and pay them. Any money which she did pay out on said claims which had not been presented and allowed as provided by statute, she paid as a volunteer and such amounts are considered as drawn from her personal funds because they cannot be charged against the estate. *In re Thompson's Estate*, 110 Wash. 635, 188 P. 784. See Vol. 3 Bancroft's Probate Practice, Sec. 846, p. 1480. Indebtedness of an estate barred by statute cannot be deducted in fixing the amount due as an inheritance tax. *In re Walker's Estate*, 184 Minn. 164, 238 N. W. 58, 76 A. L. R. 1450, and Annotation at page 1456 of 76 A. L. R.

Administratrix cites *In re Lambrecht's Estate,* 112 Wash. 645, 192 P. 1018, to show that debts need not always be allowed in probate proceedings to be deductible for inheritance tax. But the Lambrecht case is not in point, because in this case formal probate proceedings were instituted and administratrix became an officer of the court to manage and preserve the estate, to pay its debts and taxes, and to distribute the residue, all under the supervision and approval of the court and according to law. In paying claims which had not been presented and allowed, administratrix acted beyond her power and cannot charge said amounts against the estate.

*People* v. *Tatge,* 267 Ill. 634, 108 N. E. 748; *Commissioner of Internal Revenue* v. *Strauss,* 7 Cir., 77 F. 2d. 401; and *In re Suderov's Estate,* 249 App. Div. 763, 292 N. Y. S. 468; Id., 274 N. Y. 525, 10 N. E. 2d 531, have been cited for the proposition that all bona fide debts of an estate may be deducted before computing inheritance taxes. But none is a holding under a statute identical with or similar to ours, hence they are not in point.

Administratrix contends that our inheritance tax is levied on the right or privilege of an heir to succeed to the property of the dead, and that, therefore, only such property as actually passes to the heirs may be taxed. She further contends that the amount here in question was actually paid to creditors and, therefore, it did not pass to the heir, hence, no tax is due. But in advancing such a theory, administratrix misconceives the law of succession of property.

Sec. 101-4-2, R. S. U. 1933 (Sec. 6405, C. L. Utah 1917) :

"The property, both real and personal, of one who dies without disposing of it by will *passes to the heirs of the intestate,* subject to the control of the court, and to the *possession of any administrator* appointed by the court for the purposes of administration." (Italics added.)

See *Rio Grande Western R. Co.* v. *Salt Lake Inv. Co.,* 35 Utah 528, 101 P. 586. Our statute is entirely clear that title

to property of an intestate passes to his heirs upon his death subject to divestment for debts and expenses. All that the administrator gets is possession. In this instant case, therefore, upon his death, all of decedent's estate passed to his heirs (his mother) subject to the control of the court and to the possession of Administratrix. Because claims against said estate were never presented as provided by statute, administratrix was powerless to pay the debts from the estate, and title to the property was never divested from the heir. Obviously then, there was a transfer of the estate of decedent to his heir which was never divested. This transfer is taxable.

The arguments of Administratrix regarding penalties and forfeitures are not in point. We are here dealing with an inheritance tax on an estate that has not been paid to creditors. This tax is measured by the corpus of the estate plus interest. No element of penalty enters.

Administratrix raises for the first time in her appeal the Statute of Limitations and laches as defenses against the tax. The Statute of Limitations and laches are affirmative defenses which must be pleaded. *Hartford Accident & Indemnity Co.* v. *Industrial Comm.,* 64 Utah 176, 228 P. 753; *Whittaker* v. *Greenwood,* 17 Utah 33, 53 P. 736; *Tate* v. *Rose,* 35 Utah 229, 99 P. 1003. It appears that these defenses were never raised in the district court nor even referred to in the assignments of error. They cannot now be raised on appeal. *Ashton* v. *Glaze,* 9 Cir., 95 F. 2d 427; *In re Estate of Mayer,* 210 Mich. 188, 177 N. W. 488, 10 A. L. R. 773; *Henshaw* v. *State Bank,* 239 Ill. 515, 88 N. E. 214, 130 Am. St. Rep. 241; 3 Am. Jur. Sec. 298, p. 66 See *Utah Delaware Mining Co.* v. *Industrial Commission,* 76 Utah 187, 289 P. 94; *Chief Consolidated Mining Co.* v. *Industrial Commission,* 78 Utah 447, 4 P. 2d 1083.

Finally, the point is raised that a stipulation was entered into by and between the Attorney General for the State and the attorney for the estate, to the effect that, if Adminis-

tratrix's Petition for Final Distribution were granted by the Court, no inheritance tax would be due, and that as a consequence Administratrix was lulled into allowing the statutory period to run and into paying the debts thereafter, believing that no tax would be assessed. To this contention there are several answers. First, Administratrix recognizes that the stipulation does not bind the Tax Commission. Second, by its terms the stipulation limited itself to the event of approval of the order by the court which approval was not and has not yet, been given. Third, the stipulation is dated more than a year after death of decedent so it could not have lulled administratrix into allowing the statutory time for filing claims to slip away.

"Where the statute clearly and unambiguously fixes a tax liability that is controlling on all parties subject to tax regardless of rules or regulations of administrative departments." *State Tax Commission* v. *Associated Oil & Gas Co.*, 98 Utah 474, 100 P. 2d 966, 969. See, also, cases there cited.

Having decided that the creditors' failure to file claims in the probate proceedings rendered Administratrix powerless to pay said claims, we deem it unnecessary to discuss respondent's point that under Sec. 80-12-8, R. S. U. 1933, said claims are not deductible because they were not presented within a year of the death of deceased.

The ruling of the District Court was correct and is affirmed. Costs to respondents.

McDONOUGH and PRATT, JJ., concur.

Moffat, Chief Justice.

I concur in the result.

LARSON, Justice.

I dissent.