[Civ. No. 7073. Third Dist. Dec. 8, 1944.]

RUDOLPH OBERLACK, Respondent, v. JOHN D. TRUSAS, as Administrator, etc., Appellant.

L. C. Smith and Chenoweth & Leininger for Appellant.

Daniel S. Carlton for Respondent.

THOMPSON, J.—The administrator of the estate of William Denis Trusas, deceased, has appealed from a judgment of $2,771.37, in favor of the plaintiff for the unpaid principal and interest on two promissory notes, together with attorney's fees. The creditor's claim, upon which the action was founded, was not filed within six months "after the first publication of the notice," as required by section 700 of the Probate Code. The trial court held that the time for filing claims was extended under section 702 of that code because the affidavit required by the last mentioned section inadvertently stated that the notice was published in "Redding Record Inc., a daily newspaper of general circulation printed and published at Redding, in the County of Shasta," when in fact it was published in the "Redding Record-Searchlight and Courier-Free Press," a newspaper of general circulation published in that county. The Redding Record Inc., is the name of the corporation owning the newspaper in which the notice was published as required by law.

The sole question to be determined on this appeal is whether the inadvertence in referring in the affidavit to the name of the owner of the newspaper instead of giving the name of the paper in which the notice was published, resulted in an extension of the statutory time for filing creditor's claims under the provisions of section 702 of the Probate Code. This appears to be a decision of first impression on that issue. No California cases are cited upon that direct subject.

The plaintiff owns two unsecured unpaid promissory notes aggregating the sum of $2,000, at 6 per cent interest per annum, executed by William Denis Trusas in his lifetime. Mr. Trusas died in Shasta County, February 4, 1942. Upon proceedings duly had in the Probate Court of Shasta County, John D. Trusas was appointed and qualified as administrator of the estate. Chenoweth & Leininger are the attorneys who represented the administrator, with offices at 1607 Market Street, in Redding. On February 26, 1942, the administrator published notice to creditors of said estate in the "Redding Record-Searchlight and Courier-Free Press," a newspaper of general circulation printed and published in that county, in strict compliance with the provisions of section 700 of the Probate Code. On March 30, 1942, the sworn affidavit of publication of notice to creditors was filed in the estate. That affidavit contained a copy of the printed notice which stated that claims against the estate must be filed "in the office of the clerk of the Superior Court of the State of California, in

and for the County of Shasta,'' or that they must be presented ''with the necessary vouchers, within six months after the first publication'' to the ''Administrator at the offices of Chenoweth & Leininger, Attorneys-at-Law, 1607 Market Street, Redding, Shasta County, the same being his place of business in all matters connected with said estate of William Denis Trusas, . . . deceased.'' The affidavit also stated that the first publication of notice was on February 26th, and the last one on March 26, 1942. That affidavit was in full compliance with section 702 of the Probate Code, which requires only that it shall ''state the date of its first publication,'' and contain ''a copy of the notice.'' The six months' period for filing claims expired August 26, 1942. The plaintiff failed to file his claim until November 19, 1942. The claim was rejected by the administrator on November 24, 1942.

The court found that plaintiff resided in San Francisco and had no actual knowledge of the publication of notice to creditors until September 27, 1942; that the notice was published February 26, 1942, as required by law, in the Redding Record-Searchlight and Courier-Free Press, a newspaper of general circulation published in Shasta County, but that the affidavit of publication erroneously recited that it was published in the ''Redding Record Inc.'' and that ''the time to file claims . . . has not commenced to run'' on that account. Judgment was thereupon rendered in favor of plaintiff as above stated. From that judgment this appeal was perfected.

We are of the opinion the affidavit of publication of notice to creditors in said estate was not invalid because it inadvertently named the owner of the newspaper in Shasta County in which the notice was actually published, which that statute does not require, instead of naming the newspaper, or otherwise. Nor did that error have the effect of continuing the time for filing claims.

All that section 702 of the Probate Code requires that affidavit to contain is the date of the first publication and ''contain a copy of the notice.'' The copy of the notice included in the affidavit, contained all of the facts and information required by sections 700, 701 and 702 of that code. The statutes with respect to the publication and proof of notice thereof were strictly complied with. The statutes do not require the notice or the affidavit to state the name of the newspaper in which the notice is published. The creditors gain no necessary information for filing their claims from the mere knowledge of the name of the newspaper. All the information that

they need, and all that the statute requires to enable them to file their claims in due time is that they shall be furnished the date of the first publication from which they may determine when the six months' limitation for filing claims shall expire, and the ''residence or place of business'' of the representative of the estate, with whom they may file their claims. That was done in the present case. The plaintiff in this case could not have been prejudiced by the erroneous mentioning of the corporation owning the newspaper in which the notice was published. That was surplusage and could not have misled the plaintiff with respect to the time or place of presenting his claim. If he had gone to the county clerk's office and examined the affidavit he would have ascertained when the first publication occurred. That was correctly stated in the affidavit. If he had seen the printed notice in the newspaper, or examined the affidavit in the clerk's office he would have known that he must file his claim within six months after February 26th with either the county clerk or the administrator at his stated ''place of business'' for administering the estate ''at the office of Chenoweth & Leininger, Attorneys-at-Law, 1607 Market Street, Redding, Shasta County.'' It has been held that claimants must exercise due diligence in locating the representative of an estate against which they hold claims. (11A Cal.Jur. 723, § 514.)

Section 700 of the Probate Code provides that:

''The executor or administrator, promptly after letters are issued, must cause to be published in some newspaper published in the county, if there be one, if not, then in such newspaper as may be designated by the court or judge, a notice to the creditors of the decedent, requiring all persons having claims against the decedent to file them, with the necessary vouchers in the office of the clerk of the court from which letters issued, or to present them, with the necessary vouchers, to the executor or administrator, at his residence or place of business, to be specified in the notice, within six months after the first publication of the notice.''

Section 702 provides that:

''An affidavit showing due publication of the notice must be filed with the clerk within thirty days after the completion of the publication. *The affidavit shall contain a copy of the notice and shall state the date of its first publication.* Final distribution shall not be decreed unless it is shown that notice to creditors has been duly given. If the affidavit is not filed until after such thirty-day period, the time to file or present

claims shall be extended for a period equal to the period of default in such filing.'' (Italics added.)

The publication of notice to creditors is for the purpose of giving the creditors of the decedent notice of the place where and the period within which they may file their claims. It is in the nature of a statute of limitations. Since the proceeding is in rem, that notice is binding upon all the world. It is constructive notice which is intended to bind all creditors even though they may not have actual notice thereof. (11A Cal.Jur. 721, § 513.)

The notice must be directed to creditors of the decedent, naming the decedent, and must call for the filing of claims with vouchers with the county clerk of the county where the estate is pending, or with the representative of the estate at his designated place of business. It must also state that the claims must be filed within six months from the first date of the notice. (11A Cal.Jur. 722, § 514.) All that was done in this case.

Strict compliance. with the statute is required with respect to the publication of notice to creditors to bar a claimant after the expiration of six months from the first publication. (*Burr* v. *Goodwin,* 126 Cal.App. 539, 542 [14 P.2d 808] ; *Hawkins* v. *Superior Court,* 165 Cal. 743 [134 P. 327].) Sections 700, 701 and 702 of the Probate Code should be read together to determine whether due notice to creditors has been established as required by law. (*Hawkins* v. *Superior Court, supra.*) When the statutory requirements have been complied with a claimant is deemed to have had due notice thereof and his claim is barred after six months from the first publication unless it appears that ''the claimant had not received notice, by reason of being out of the state.'' (Prob. Code, § 707.) Section 1491a of the Code of Civil Procedure formerly required the administrator to file in the estate within thirty days after the first publication ''a printed copy of said notice to creditors accompanied by a statement, setting forth the date of the first publication thereof *and the name of the newspaper in which the same is printed,*'' upon proof of which the court was required to render its decree establishing due notice to creditors, pursuant to the following section of the code. But those sections were repealed. (Prob. Code, § 1700.) Section 702 of the Probate Code, which was enacted in 1931, no longer requires the name of the newspaper to be given in the affidavit in proof of due publication of notice. Under the law requiring a decree establishing due notice to creditors, as

it formerly existed, it was held that when sections 1491a and 1492 of the Code of Civil Procedure had been complied with, the court was bound to render its decree establishing due notice, and that upon refusal to do so, mandamus would lie to compel that decree to be entered. (*Hensley* v. *Superior Court*, 111 Cal. 541 [44 P. 232].)

In the present case, since the statutes with respect to the publication and proof of due notice to creditors were fully complied with, and the plaintiff was not prejudiced or misled by the inadvertence of mentioning in the affidavit the name of the owner of the newspaper, the court erred in determining that the time for filing plaintiff's claim was extended under section 702 of the Probate Code. Plaintiff's claim was barred. An immaterial error in the statement of facts, not prejudicial or misleading, may be deemed to be surplusage which will not invalidate due notice to creditors or have the effect of extending the time within which to file claims. It could not reasonably be said that, if the affidavit had inadvertently mentioned the name of the newspaper as "Redding Searchlight Press" or "Redding Courier-Free Press" instead of the "Redding Record-Searchlight and Courier-Free Press," that it would render the publication and proof thereof ineffectual or void, or that the time for filing claims would thereby be extended.

The judgment is reversed, and the court is directed to render judgment in favor of the defendant.

Peek, J., and Adams, P. J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 1, 1945.