265 P.2d 679

## MITCHELL v. VAN PELT.

### No. 5710.

Supreme Court of New Mexico.

Jan. 12, 1954.

proof of publication of this notice was not filed by administrator until January 7, 1952. The creditor's proof of claim, however, was filed in the estate proceedings April 29, 1950; the administrator did not approve this claim and, on August 3, 1951, filed final report, reciting the filing of claim and the fact that no notice had been given by claimant nor hearing had (pursuant to Secs. 33–802 and 33–803, 1941 Comp.); on September 10, 1951, after appeal from the probate court to the district court, notice of hearing on the claim was given by claimant to administrator and objections to administrator's final report were filed by claimant praying hearing on the claim prior to closing of the estate.

The single question for decision arises under Secs. 33–802 and 33–803, supra:

"33–802. Probate judge to hear claims—Form of claims—Filing—Notice.—It shall be the duty of the probate judge to hear and determine claims against the estate. All such claims shall be stated in detail, sworn to and filed, and five (5) days' notice of the hearing thereof, accompanied by a copy of the claim, shall be served on the executor or administrator, unless the same have been approved by the executor or administrator, in which case they may be allowed by the judge without such notice. (Laws 1851–1852, p. 356; C.L. 1865, ch. 3, § 23; C.L. 1884,

V. A. Doggett, Raton, for appellant.

Paddock, Phelps & Phelps, Clayton, for administrator.

A. J. Krehbiel, Clayton, for claimant.

SEYMOUR, Justice.

This appeal is from the denial of creditor's claim against the Administrator of the Estate of Floyd Akins, deceased. The relevant facts are: Administrator was appointed February 27, 1950 and published notice to creditors March 8, 15, 22 and 29, 1950;

§ 1399; Laws 1889, ch. 90, § 27; C.L. 1897, § 1967; Code 1915, § 2277; C.S. 1929, § 47–504.)"

"33–803. Time limitations on claims. —All claims against the estates of deceased persons not filed and notice given, as provided in the preceding section, within six (6) months from the date of the first publication of notice of the appointment of the executor or administrator, shall be barred. *Said executor or administrator shall file proof of said publication in the form and manner as now required by law within thirty (30) days from the completion of said publication.* No suit upon any claim shall be maintained unless the same be begun within twelve (12) months after the date of first publication of said notice of such appointment. Provided, however, that the time limitations prescribed in this statute shall be tolled in the event of the permanent removal from the state of New Mexico of any executor or administrator prior to the termination of the periods named in this section, and in such an event said limitation periods shall not be renewed or again start to run against any claimant until the appointment of a successor to said administrator or executor. Provided, further, that this section shall only apply to administration proceedings commenced following the effective date of this section. (Laws 1882, ch. 1, § 1; C.L. 1884, § 2225; Laws 1889, ch. 90, § 34; C.L. 1897, § 2062; Code 1915, § 2278; C.S. 1929, § 47–505; Laws 1933, ch. 173, § 1, p. 448; 1937, ch. 136, § 1, p. 390.)" (Emphasis ours.)

The contention of appellant is that the filing in the administration proceedings of the proof of publication of appointment within thirty days from the last publication, as specified in Sec. 33–803, supra, is mandatory and is a part of the notice required to be given to creditors; that until such proof is filed, notice is not complete and the time has not expired for filing claims against estates and giving notice of hearing thereon.

The trial court denied the claim as barred by this statute of non-claim and on the further ground of estoppel.

The question is one of first impression in New Mexico.

Authorities dealing with this problem in other states are limited and somewhat evenly divided. Appellant relies primarily upon two cases, Jennings v. Lowery & Berry, 1927, 147 Miss. 673, 112 So. 692; and Hawkins v. Superior Court, 1913, 165 Cal. 743, 134 P. 327. In the Mississippi case, under statutes substantially like our own,

the Court flatly stated 147 Miss. 673, 112 So. 694:

> "According to the language of the statute, the requirement that the proof of publication shall be filed with the clerk is as mandatory in its terms as any other requirement of the statute. We think that it is only where the statute is complied with that the 6-month limitation begins to run from the first publication of notice to creditors.
>
> \*   \*   \*   \*   \*   \*
>
> "\*   \*   \* and, if it is not filed within that period, the 6-month statute of limitation against the claims of the creditors is never set in motion."

Headnote numbered 2 of the California case states the controlling principle therein:

> "2. Executors and Administrators (§ 226)—Notice to creditors—Statute —Construction.
>
> "Under Code Civ.Proc. § 1491a, providing that within 30 days after the first publication of notice to creditors the executor or administrator must file in court a copy of the notice with a statement of the date of its first publication and the name of the newspaper, is mandatory."

The Hawkins case from California is cited with approval in two later cases, Oberlack v. Trusas, 1944, 67 Cal.App.2d 238, 153 P.2d 775; and Burr v. Goodwin, 1932, 126 Cal.App. 539, 14 P.2d 808.

Both Jennings v. Lowery & Berry, supra, and Hawkins v. Superior Court, supra, carry strong dissenting opinions. As stated by appellant in his reply brief, "\*   \*   \* dissenting opinions   \*   \*   \* do not make the law"; nevertheless, when the problem is one of first impression in our own jurisdiction, dissenting opinions from Courts of other states can assist this Court in determining the better of two lines of authority.

The dissenting judge in Jennings v. Lowery & Berry, supra, among other cogent reasons, stated:

> "I think the courts of the state heretofore have construed the statute, or rather acted upon the theory, that proof of publication might be filed at any time before judgment, and many estates have been wound up under this construction of the statute, and the majority opinion will unsettle these settled estates."

The dissenting opinion in Hawkins v. Superior Court, supra, is not helpful. However, from a reading of the subsequent California cases which approve the holding of the Hawkins case, it appears that the section of the California Code upon which that case was decided, and reading in part as follows:

> "\*   \*   \* within 30 days after the first publication of notice to creditors the executor or administrator must file

or cause to be filed in court a printed copy of said notice to creditor * * *." Code Civ.Proc. § 1491a.

was amended by the legislature in 1931 and the following sentence was added to the general provisions of the section:

"If the affidavit is not filed until after such thirty-day period, the time to file or present claims shall be extended for a period equal to the period of default in such filing." Probate Code, § 702.

This amendment in the California law subsequent to the decision in the Hawkins case would indicate the danger of following that case as a controlling authority. In all probability, the Hawkins decision in California resulted in the unsettling of settled estates predicted by the dissenting opinion in Jennings v. Lowery & Berry, supra, thus creating the necessity for the legislature to step in and implement the statutory construction which was adopted by the California Court.

In our own jurisdiction, the interpretation of this statute sought by appellant leaves unanswered many questions, the answers to which are necessary if estates are to be administered in an orderly way and established titles kept free from expensive and useless litigation. If we should say that the filing of proof of publication within thirty days after the last publication is a part of the notice, it might throw open to question the merchantability of the titles to much of the land which has passed through administration in the past six years. Further, this Court would be required to legislate in determining whether such failure on the part of the administrator required an entirely new publication or simply tolled the running of the statute of nonclaims for a period equivalent to the delay in filing by the administrator. These are only a few of the problems raised and, since these questions are not at issue in the instant case, they could not be answered here.

The opposite view on this question appears in Harris v. Turner, 1938, 96 Utah 342, 85 P.2d 824, 825. Utah Revised Statutes 1933, sec. 102-9-3, provides that:

"Within thirty days after the publication of the notice is completed a copy thereof, with the affidavit of due publication, must be filed, and the court must enter an order or decree showing that due notice to creditors has been given."

The Utah statutes also provided that every administrator, immediately after his appointment, must cause a notice to be published requiring creditors to present their claims. In the particular case, the administratrix delayed a year after appointment before the first publication of notice to creditors and delayed approximately eight months after the completion of publication before filing her proof.

There were other matters involved in this decision, but with regard to the particular question, the Court said:

"Plaintiff contends that the statute as to time is directory merely and not mandatory, while defendant's position is that, owing to the undue delay, he was under no legal duty to sign the decree. (This suit is one seeking mandamus to compel the defendant judge to sign a decree showing due and legal notice had been given to creditors.) We should not become ensnared by terms. Mandatory has the sense of 'must', but whether the duty is mandatory or directory, we do not think filing a copy of the published notice together with proof within the thirty days is a condition necessary to exist before the court may make its order that due and legal notice has been given. * * * As a matter of fact, there seems very little reason for a creditor having to rely on the filing of the notice and proof. It is not necessary to wait for publication of notice to start or to be completed before filing his claim. He can do it as soon as the administrator qualifies. It would be only on the rarest of occasions that the filed copy of notice would help the creditor. It would seem useless, if not absurd, that the creditor should wait for notice of creditors to be published when he could file his claim any time. * * * We

do not think, therefore, that the reasoning of Hawkins v. Superior Court, supra, very convincing."

In further support of the same view is Brooks v. Fed. Land Bk. of Columbia, 1932, 106 Fla. 412, 143 So. 749, 752, wherein the Court stated, under somewhat similar statutes:

"It could be of no importance that the proof of publication was filed promptly if the statute of nonclaim began to run from the date of the first publication, if the publication continued for the requisite length of time. If it did not, there was no publication within the meaning of the statute. It may be argued that the filing of proof of publication is for the benefit of creditors who may not have seen the published notice, and in such case on being informed of the death of the debtor might inspect the records of the county judge's office to ascertain if notice to creditors had been published, and, if it had not, the creditor might still file his claim within the law. But such reasoning is more specious than sound, because the creditor who may have just discovered the death of his debtor would be charged with notice of the laws' requirement as to publication of notice and the running of the statute, and diligence would seem to require an immediate filing of the claim regard-

less of the publication of notice, * * *."

To the same effect is the case of In re Conant's Estate, 1903, 43 Or. 530, 73 P. 1018, 1020, the opinion concluding as follows:

"The publication, and not the filing, is, therefore, the vital fact to be considered, and the date of the filing is not jurisdictional. The statute requiring it to be made within a certain time is directory, and not mandatory. McFarlane v. Cornelius, [43 Or. 513], 73 P. 325, [74 P. 468]."

In this problem of statutory construction, we have available two possible constructions. The construction sought by appellant, while logical and supported by cases in point from the jurisdictions of Mississippi and California, necessarily calls for a change in accepted practice which will result in substantial expense to the public. Contrary construction of the statute will not unsettle the affairs of persons who have relied upon the law as it has been accepted and applied by a majority of the lawyers and courts in this state. For that reason, it is the conclusion of this Court that that portion of Sec. 33–803, supra, here in question, is directory rather than mandatory and the failure of administrator to file proof of publication within thirty days from the completion of publication does not toll the statute of nonclaim

or vitiate the required notice to creditors if it be in fact properly published.

Finally, the construction here adopted receives substantial support both from the language of Sec. 33–803, supra, itself, and from the New Mexico decision In re Baeza's Estate, 1937, 41 N.M. 708, 73 P.2d 1351, 1356.

The language of Sec. 33–803, supra, appearing in the latter half of that section, provides for a tolling of the time limitation prescribed by the statute in at least one enumerated event, the permanent removal of an administrator from the state. Had the legislature intended to have the time limitation tolled by a failure to file proof of publication, it is logical to suppose that it would have been included at this point. This section, itself, reduces the time for the filing of claims by creditors from one year to six months, the obvious purpose being to expedite the closing of estates. We feel that the duty placed upon the administrator to file proof of publication within thirty days from the last publication is intended for the same purpose. Appellant's construction would have the effect of emasculating this purpose.

In re Baeza's Estate, supra, was decided in 1937 and construed Secs. 47–504 and 47–505, 1929 Comp. Our present Secs. 33–802 and 33–803, supra, are amendments of these earlier statutes. In 1937 the statute provided that all claims against the

estates of deceased persons not filed and notice given within one year from the date of the appointment of the executor or administrator would be barred. At the same time, Sec. 47–123, 1929 Comp. provided that the executor or administrator within ten days after his appointment should give public notice of his appointment by posting or publication, requiring all persons having claims against the estate of decedent to present the same within the time prescribed by law. In the particular case, the administrator published the required notice but only in English and not in Spanish as required by the publication statute. The Court determined that the clear language of Sec. 47–504, 1929 Comp. barred any claim of a creditor not filed within one year from the date of appointment, taking the position that compliance or noncompliance with the statute requiring publication of the notice could have no effect upon this statute of nonclaim. Justice Zinn, near the conclusion of his opinion, states:

"There is nothing in our publication statute which indicates in the slightest degree that failure to publish tolls the statute of nonclaim."

It is not difficult to distinguish the case before this Court in 1937 from the instant case; nevertheless, it indicates at least a strong policy on the part of this Court to enforce nonclaim statutes with workable severity for the purpose of accomplishing the ends sought by such statutes. The same policy is apparent in In re Landers' Estate, 1929, 34 N.M. 431, 283 P. 49.

If, indeed, it were the legislative intent to make the filing of proof of publication a part of the notice, it is within the power of the legislature to implement Sec. 33–803, supra, in such a way that its intent can be carried out without unsettling completed affairs and rights already established.

The foregoing conclusion makes unnecessary a consideration of the question of estoppel.

The judgment of the trial court is affirmed.

It is so ordered.

McGHEE, C. J., and SADLER and COMPTON, JJ., concur.

LUJAN, J., not participating.